JESSE RANKIN, Guardian, &c., *v.* R. M. ALLISON and others.

A pleading which is amended in a material part after verification, is to be regarded as unverified; *therefore*, where such pleading was a complaint, an answer thereto need not be verified.

The *parties* spoken of in the acts defining *venue*, are the parties to the record ; therefore, no objection can be made on account of *venue*, by pleading and showing that the party on whose behalf a suit is brought, and the defendant therein, are citizens of another county than that in which suit was brought.

An answer setting forth that B is the real owner of the note sued upon but that it was assigned to the plaintiff, is to be taken as meaning that the plaintiff is trustee of an express trust, and so is properly plaintiff, (C. C. P. ⅔⅔. 57 and 58.)

CIVIL ACTION, tried before *Mitchell, J.,* at Spring Term 1870 of CALDWELL Court.

A summons, issued in the name of Jesse Rankin, plaintiff, against R. M. Allison and others, defendants, returnable to

the Superior Court of Caldwell County. The complaint alleged, that the defendants, on February 26th 1863, made a promissory note to Sarah C. McRorie, which she assigned to plaintiff, and that it is due and unpaid, &c. The complaint was verified by affidavit, but was afterwards amended by adding in the title, after the name of Jesse Rankin, the words, "guardian of John S. McRorie."

The answer alleges that, at the time the action was brought, the plaintiff was not the owner of the note, but that John S. McRorie, an infant, who resided in Iredell County, was the owner; also that one of the defendants resides out of the State, and the other in Iredell County. Judgment was given for the plaintiff, and the defendants appealed.

*W. P. Caldwell*, for the appellant.
*Folk*, contra.

RODMAN, J. (After stating the case as above.) It was said for the plaintiff in this Court, that the answer was properly disregarded, because it was not properly verified; but, as the complaint was amended in a material part after it had been sworn to, it was in effect, not sworn to: consequently the answer did not require to be verified by affidavit.

2. Every action must be brought to the Superior Court of the County where the plaintiff or defendant resides: C. C. P. §§. 74, 68; Acts, 1868–'69; and if both reside in the same county, it must, of course, be brought in that county. If an action be brought in the wrong county, it may, on the written application of the defendant, be transferred to the right one: C. C. P. §. 69.

We might regard the answer in this case as such an application; but then it does not allege that Rankin, the plaintiff of record, resides in Iredell County, and consequently, as for such a purpose the Court can only look at the parties of re-

cord, it could not be allowed. We must, therefore, consider whether regarded as an answer in bar, it sets forth a sufficient defence. It admits the assignment to Rankin, but alleges that John S. McRorie, an infant, is the owner; it does not state how he became owner, or that he is the owner of the legal, or only of an equitable estate: we are obliged, therefore, to construe the allegation of ownership in John as consistent with the ownership admitted in Rankin, and the result is that Rankin took an assignment to himself as trustee for, or, as guardian of, the infant. Taking that to be so, by sections 57 and 28, C. C. P., Rankin, as the trustee of an express trust, must bring the suit. We do not see that the answer states any sufficient defence. The judgment below must be affirmed.

PER CURIAM.        Judgment affirmed.