E. T. CLEMMONS v. E. H. C. FIELD.

*Excusable Neglect—Vacating Judgment—Appeal.*

1. The power conferred upon the Judge to set aside and vacate a judgment rendered against a party through his mistake, surprise or excusable negligence, does not extend to those judgments which necessarily follow a verdict.

2. In judgments founded upon verdicts the relief should be by motion for a new trial, made at the Term when rendered; and being addressed to the discretion of the trial Judge, his ruling thereon is conclusive, unless it is based on a want of power, in which event it is reviewable on appeal.

This was a MOTION made by the defendant after notice, at March Term, 1888, of BUNCOMBE Superior Court, to set aside a judgment rendered at the term preceding for excusable neglect under § 274 of *The Code,* heard and denied upon the following facts found by *MacRae, J.:*

The action was placed upon the calendar for trial on a day certain, or as soon thereafter as it could be reached.

Several days previous to that for which this case was set upon the calendar, defendant wrote to his attorney in Asheville to wire him as soon as there was any possibility of the case being reached.

Defendant's attorney, believing that the case would not be reached at all, failed to respond by telegraph to defendant's letter, and defendant did not attend that term of the Court.

The case was tried by a jury on the last day for the trial of jury cases, in the afternoon. On the morning of the same day, or on the afternoon of the day before the trial, defendant's counsel asked the presiding Judge what disposition had been made of the trial docket; the Judge replied, "that the whole of it had been continued, except two little cases to be tried by consent." Counsel for defendant gave the matter no further attention, until he was sent for and notified that

the case was called for trial, whereupon he went into Court and moved for a continuance, which the presiding Judge, after hearing counsel, declined to grant. And the case was tried by a jury.

Defendant has a meritorious defence, if true. On the foregoing facts found, I think, that defendant's negligence was inexcusable; it was his duty to be present at the Court on the day set for the trial upon the calendar, and if the case was not reached on that day, to wait its call, or act as advised.

This case having been tried by a jury, the defendant is not entitled to relief under the 274th section of *The Code.* His remedy was by appeal.

The motion is denied."

Defendant appealed.

*Mr. C. A. Moore,* for the plaintiff.

*Mr. M. E. Carter* (and *Mr. W. R. Whitson,* by brief), for the defendant.

SMITH, C. J. Under the former practice, a final judgment rendered in a proceeding at law was beyond the control of the Court after the expiration of the term. *Moore* v. *Hinnant,* 90 N. C., 163; and the rule is now established by law, which declares that no motion "to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages," shall be heard, except at the term when the trial takes place. *The Code,* §412, par. 4; *England* v. *Duckworth,* 75 N. C., 309. But the power to vacate and set aside a judgment and relieve a party therefrom when "taken against him through his mistake, inadvertence, surprise or excusable neglect," within one year after notice, is expressly conferred by law, (*The Code,* §274,) and thus far, under the conditions mentioned, only authority over its rulings is prolonged for the specified period. There is no obli-

26

gation to exercise it even when the application comes within the terms of the statute, though some of the earlier decisions look that way; but it is discretionary with the Judge even then to allow or refuse the relief, and his action in refusing the relief, except for a supposed want of power, is not reviewable on appeal. *Austin* v. *Clarke*, 70 N. C., 458.

In *Beck* v. *Bellamy*, 93 N. C., 129, a similar effort was made, after a verdict and judgment rendered at a former term, to obtain relief, as is proposed in this case, under the same provision of *The Code*, and this Court said: "The statute, in conferring power, confines its exercise to judgments rendered under the specified conditions, and *does not embrace such as necessarily follow the verdict*, and the setting aside of which, without at the same time disturbing the verdict, would be of no advantage to the party, for it must again be entered in conformity to the jury findings. To vacate both is necessary to afford the desired relief, and this would be to grant a new trial, which can only be done at the term when it took place." To the same effect are the cases of *Foley* v. *Blank*, 92 N. C., 476; *Winborne* v. *Johnson*, 95 N. C., 46, and *Twitty* v. *Logan*, 86 N. C., 712.

If, however, the Judge refuses to grant the motion for a supposed want of power, when, upon a proper construction of the statute, he has it, the error may be corrected on appeal, and an opportunity afforded him to determine whether he will exercise it. *Hudgins* v. *White*, 65 N. C., 393; *Gilchrist* v. *Kitchen*, 86 N. C., 20. So a refusal to amend, for want of power to allow the amendment asked, in the case when it is possessed, this is error in law and can be corrected in the appellate Court. *Henderson* v. *Graham*, 84 N. C., 496, citing *Freeman* v. *Morris*, Busb., 287, where a motion for permission to supply, in the record, a copy of a lost will which had been sustained by the verdict of the jury, was refused, upon the ground of a supposed absence of power to allow it, and the

error was corrected on appeal, and the application remitted for the exercise of the Judge's discretion.

These cases all stand upon the ground that the refusal to act proceeded from an alleged want of power, and in this consisted an error in law.

The wrong complained of by the defendant in this case consists in being forced into a trial unexpectedly and unprepared, when this was in consequence of what was said to his counsel by the Judge himself, about the cause being continued, or in other words, not allowing a continuance, under the circumstances, to another term. However forcible was this application, it could only be made to the Judge who tried the cause, and not to the Judge who presided at the succeeding term, and we cannot see how these considerations can enter into and qualify a judgment of necessity following the verdict, as one obtained "through his (the defendant's) mistake, inadvertence, surprise or excusable neglect," and come within the operative provisions of the law.

It is true, the Judge holds the defendant's negligence, in reference to being unprepared for the trial, to be inexcusable, and the inference may possibly be thence drawn that he deemed himself not however invested with power to act in the premises; the record does not so state, nor is there any intimation as to what he would do if possessed of the necessary authority, and to be a reviewable case, the refusal should affirmatively appear to have proceeded from the adjudged want of it. As we interpret the case the Judge simply ruled irrespective of the question of power; even if he possessed it, it would not be exercised in favor of the defendant on the facts shown in evidence.

If the record be construed as denying the motion because of the absence of authority to allow it, it does not follow that this was based upon a construction of the statute, whether erroneous or not; but it should more reasonably be ascribed to the ruling in *Beck* v. *Bellamy, supra,* that the case was not

within the statute.   However this may be, the act of refusal
cannot be assigned for error unless it results from an errone-
ous ruling.   So that he has not exercised a discretion com-
mitted to him, and this the case must show.

There is no error, and the judgment is affirmed.