## T. G. SKINNER et al. v. HARVEY TERRY.

*The Code—Judgment—Mistake—Excusable Neglect—Frivolous Demurrer — Default of Answer — Motions — Multiplicity of Suits.*

1. *The Code,* § 274, allowing the Court to relieve a party against a judgment on account of mistake, excusable neglect, etc., refers to mistakes of fact—not of law.

2. So, where a defendant, whom the Court had refused to allow to file answer after overruling a frivolous demurrer, neglected his appeal and allowed judgment to be entered against him, because he was surprised by the action of the Court and misunderstood the effect of the judgment: *Held,* there was no error in denying his petition to set the judgment aside on that account.

3. Where it appeared, upon inspection of the record, that the amount of the final judgment so rendered on default of answer could not be ascertained by computation or be fixed by the terms of the contract sued on, such judgment was irregular and should have been set aside by the Court, even though the demand for it was not based on that ground. The overruling of the frivolous demurrer is of no avail to the plaintiffs, but leaves the parties just as if it had not been filed.

4. The law does not favor a multiplicity of motions when one will put an end to the controversy, and sufficient grounds appear of record to sustain it, though not relied on by the party seeking relief.

5. Regularly, the motion should have been made in the county where the judgment was rendered; but, where it appears that the parties consented to have it heard in another, no objection can be taken on that account.

This was a Motion, tried at Chambers in Edenton, CHOWAN County, May, 1890, before *Whitaker, J.*

The plaintiffs, having filed their complaint, the defendant filed his demurrer to the same. The Court held that this demurrer was frivolous, and the defendant excepted, declaring his purpose to appeal to this Court. He then at once moved the Court to allow him to file an answer to the com-

plaint, but this motion was denied, upon the ground that the Court "had no power to permit the answer to be filed." The Court then gave judgment for the plaintiffs, and the defendant, having excepted thereto, appealed to this Court, but he abandoned and failed to prosecute his appeal.

Within a few days, and within twelve months next after the rendition of the judgment, the defendant, in vacation, filed his petition in the action, the material part of which is as follows:

"1. At the trial, when your Honor overruled defendant's demurrer, and authorized plaintiffs' counsel to draw a judgment of recovery against defendant for the amount demanded in the complaint of plaintiffs, the defendant, this petitioner, understood your Honor to refuse his application to be allowed to file an answer, and was thus surprised and misled as to the proper course to be pursued by him in the management of his case.

"2. After the trial, the defendant, your petitioner, discovered evidence that would have had a very material effect, as he believes, in modifying the judgment aforesaid, if it had been before the Court upon the trial of the case upon its merits. That evidence was the written receipt of Thomas G. Skinner, one of the plaintiffs in said action, for seventy-five dollars, in full of *all fees* down to September 23d, 1887, and the written receipt of the other plaintiff, J. H. Blount, for twenty dollars. Said receipts are herewith filed as a part of this petition; that said plaintiffs' services, after that date, were less onerous, and not more efficient than they had previously been; that at the time of the trial this petitioner did not know of the existence of the said written receipts, and discovered them by accident, while searching for other papers, after the adjournment of Court. He could not, by the exercise of due diligence, have discovered this evidence in time for the trial.

" 3. That the enforcement of the judgment aforesaid would inflict, as your petitioner feels, a most inequitable hardship upon him ; that a trial of the case upon its merits could, at most, work no other injury to the plaintiffs than a brief postponement of their demands, provided said demands should be ultimately determined in their favor by the Court; and that your petitioner believes, and accordingly avers that, upon a full and fair trial of the case upon its merits, the judgment aforesaid would be most materially reduced in amount, if not entirely reversed.

" 4. That there was never any express contract made for the services rendered by plaintiffs and recovered in said judgment; that the case was twice appealed to the Supreme Court by the adverse party, and that plaintiffs paid no attention to the case in that Court, and that the sum charged by plaintiffs in the suit in which their services were rendered was grossly excessive, in comparison with the services rendered.

" Wherefore, in consideration of the surprise aforesaid, by which your petitioner was so overwhelmed as for the time to lose a judicious control of himself and his case, and in consideration of the after-discovered evidence above referred to, and in consideration of the fact that a trial of the case upon its merits would work no wrong or injury to any of the parties, your petitioner prays that the judgment aforesaid may be set aside, that the case may be reinstated upon the docket, that petitioner may be allowed to file an answer in the case, and that the case itself may be tried upon its merits, and for such other and further relief as to justice and equity may appertain."

The plaintiffs each filed his answer to this petition, and, without objection from them, the Court afterwards heard the motion to set the judgment aside—the counsel of both parties being present and debating the same—in a county other

than that in whose Court such judgment was given. The Court gave judgment, whereof the following is a copy:

"Upon considering the petition and affidavits and exhibits filed herein, and the facts found, as above set forth, and the Court being of the opinion that it now has not the power to vacate or to set aside said judgment, rendered at the Spring Term, 1890, of Perquimans Superior Court, it is ordered that the petition be dismissed at the cost of the petitioner, Harvey Terry." The petitioner excepted to the ruling, and appealed to the Supreme Court.

*Mr. W. B Rodman, Jr.* (by brief), for plaintiffs.
*Mr. L. D. Stark,* for defendant.

MERRIMON, C. J.: The statutory provision ( *The Code,* § 274), invoked by the defendant, provides that "The judge * * * may also, in his discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect," &c. This implies not simply any, but reasonable mistake, inadvertence, or excusable neglect as to, or surprise occasioned by some fact, or something that has or has not been done, of which the complaining party ought to have knowledge, and which, if he had had such knowledge, might have prevented the judgment, order or other proceeding of which he complains. And such judgment, order or other proceeding must have been given or taken against him through such mistake, inadvertence, surprise or excusable neglect. The statutory provision does not extend to mistakes as to the law applicable, or as to what the complaining party might, or ought, or ought not to do in the course of the trial, or as to what steps he ought to take with a view to have errors of the Court corrected. It does not imply that the Court may

grant a new trial or set aside a judgment for errors of law of the Court, or upon the ground that the party was ignorant of the law or his rights, and as to the methods and means whereby he might assert or enforce them. He may reasonably be misled or surprised by matters of fact, and on that account be excused and relieved from the judgment against him, but errors of the Court must be corrected by itself, in the appropriate way and at the proper time, or by the Court of errors

The judgment of which the defendant complains was not given against him through his mistake, inadvertence, surprise or excusable neglect as to a fact or matters of fact. His mistake was as to what steps he ought to have taken to have the alleged errors of the Court corrected. The Court held that his demurrer was frivolous, and he excepted. He then requested the Court to allow him to file an answer, and thus make defence. The Court held that it had not power to allow him to file an answer, and he again excepted, and appealed. This was his proper course, but he abandoned his appeal and thus lost his opportunity to have the errors assigned corrected. That he thus improvidently lost his remedy, through mistake or ignorance of the law, is no reason why the judgment should be set aside. The Court, therefore, properly denied the motion upon the grounds specially assigned.

We think, however, that the Court should have granted the motion so far as to modify the judgment and make the same a judgment by default and inquiry, as allowed by the statute (*The Code*, § 386). It was clearly irregular, in that it was final. The plaintiffs' cause of action alleged did not warrant such judgment. They alleged in their complaint simply that the defendant was indebted to them "in the sum of one thousand dollars for services rendered upon his retainers" in the case specified. They did not allege and set "forth one or more causes of action, each consisting of

the breach of an express or implied contract to pay, absolutely or upon a contingency, a sum or sums of money fixed by the terms of the contract, or capable of being ascertained therefrom by computation," or that the defendant had agreed or promised to pay them the sum specified, or any particular sum of money. They must have done so to entitle them to a judgment by default final. *The Code*, §§ 385–386; *Witt* v. *Long*, 93 N. C., 388; *Hartman* v. *Farris*, 95 N. C., 177. That the defendant's demurrer was adjudged to be frivolous (*Moore* v. *Hobbs*, 79 N. C , 535) could not help the plaintiffs and entitle them to judgment by default final. The statute (*The Code*, § 388) does. not provide that such adjudication shall have such effect. It simply puts the demurrer out of the way, and leaves the party prejudiced by it to obtain his judgment as if it had not been filed. Regularly, the plaintiff or party prejudiced thereby should apply to the Court at the return term to have the demurrer or other pleading adjudged frivolous, but if he fails to do so then, and does so successfully afterwards, he would be in the like case as if he had failed to take judgment by default and inquiry when he might have done so at the return term and failed to do so.

Such irregularity of the judgment was not assigned specifically as one of the grounds of the motion, but the real purpose of the latter was to have the judgment in question set aside for any proper cause. The motion was made in the action, and it embraced the whole record within its scope, so that the Court could see, and ought to have seen, the irregularity, and granted the defendant such relief as the nature of his motion would allow, and he appeared to be entitled to have. There was no substantial reason why such relief should not be granted. It would be circuitous, dilatory, and serve no useful or just purpose to deny the motion upon the particular grounds assigned by the mover, and leave him to make another motion for the same purpose, simply assigning in its support a ground not specified,

but which plainly appeared in the record at the hearing of the first motion. The law does not encourage unnecessary circuity of method, but on the contrary, the Court will settle and administer the right in the action promptly, without regard to mere forms. *Moore* v. *Nowell*, 94 N. C., 265 ; *Patrick* v. *Railroad*, 93 N. C., 422; *Harris* v. *Sneeden*, 104 N. C., 369.

It was objected in this Court, on the argument, that the motion was made in vacation time, and heard in a county other than that in whose Court the judgment was given. This objection would have force but for the fact that it sufficiently appears by the record that the plaintiff—the parties—consented to allow it to be thus made and heard. It appears that the plaintiffs accepted service of notice of the application, that the hearing was continued, by consent, from day to day, and that the parties—both the plaintiffs and defendant—were represented by counsel, who argued the motion at length at the hearing, and no such objection was made—at all events, none appears in the record. The reasonable and strong implication is that the parties consented to allow the motion to be made and heard in vacation, and at the place specified. By consent this might be done. *Coates* v. *Wilkes*, 94 N. C., 174; *Bynum* v. *Powe*, 97 N. C., 374; *McNeill* v. *Hodges*, 99 N. C., 248; *Galewood* v. *Leak*, Id., 363.

There is, therefore, error. To the end that the order denying the motion may be reversed, and judgment entered in accordance with this opinion, let the latter be certified to the Superior Court, according to law.

Error.