J. C. BROWN v. RHINEHART BROS. AND W. L. WALKER.

*Practice—Judgment by Default—Setting Aside—Irregular Judgment—Excusable Neglect.*

1. A material amendment, unverified, to a verified complaint renders it necessary to treat the complaint as unverified.

2. The term of Court at which a complaint is filed before the third day thereof is practically the return term, and if defendant does not answer judgment by default final may be taken at such term in cases falling within the provisions of section 385 of *The Code*; and by default and inquiry in other cases.

3. An inquiry as to damages cannot be executed at the same term as that at which judgment by default is rendered, unless it is expressly allowed by statute.

4. Where an action, not within the provisions of section 385 of *The Code*, was brought to August Term, 1891, of a Superior Court, but complaint was not filed until December Term following, and at March Term, 1892, the case was put on the trial docket, and when called an amended complaint, unverified, was filed, and, the defendant not having appeared, certain issues were submitted to the jury, and, upon the findings, a judgment final was rendered, no judg-

ment by default and inquiry having been obtained: *Held* (1) that the case was properly placed on the trial docket, since not only issues of fact joined on the pleadings, but also all other matters for hearing before the Judge at a regular term of the Court are to be put thereon; (2) that it was irregular and not according to the course of practice to submit the case to a jury at March Term, 1892, without judgment by default and inquiry, and to enter a judgment on the verdict.

5. Where a judgment has been rendered on a verdict the judgment and verdict may not be set aside for excusable neglect, etc., under section 274 of *The Code.*

MOTION to vacate and set aside a judgment and verdict, heard at August Term, 1892, of BUNCOMBE Superior Court, before *Bynum, J.*

The plaintiff seeks, in this action, to enforce a lien against the real property of the defendant W. L. Walker, and also to recover a personal judgment against him and his co-defendants.

Summons in the action was issued the 21st of July, 1891, returnable to the August Term, 1891, of the Superior Court of Buncombe County, and was served on all the defendants on the 3d day of August—more than ten days prior to said August Term. The summons was duly returned and the case stood upon the summons docket of said term, but no complaint was filed during said term.

At the next (December) term of the Court the plaintiff filed his complaint, but took no further action. At March Term, 1892, plaintiff caused the case to be put upon the regular calendar of civil issues for trial, and when it was reached, and before the jury were impaneled, the plaintiff obtained leave to amend his complaint in a material part. Certain issues were submitted to a jury, which they answered.

The plaintiff complains as a subcontractor for the reasonable worth of certain labor done for and materials furnished to the defendants Rhinehart Bros., who were the defendant Walker's contractors, to build him a house.

The amended complaint, which was never verified, alleges that defendant Walker agreed to pay the plaintiff whatever sum might be found to be due him from Rhinehart Bros.

There was never a judgment by default and inquiry entered in the case, but the final judgment was entered, upon the findings of the jury, at March Term, 1892.

The defendant Walker moved the Court, at August Term, 1892, to set aside the judgment and verdict or findings of the jury on the ground that the same were irregular, against the course and practice of the Court and contrary to positive provisions of law.

His Honor ruled that the trial, judgment and verdict were regular, and refused to vacate and set them aside for irregularities, holding that there were no irregularities and that section 386 of *The Code* did not apply to judgments by default rendered at a term subsequent to the return term of the action. The defendant Walker excepted to these rulings and appealed from the judgment rendered.

The defendant also moved to set aside the verdict and judgment for excusable neglect, which was done, and plaintiff appealed.

*Mr. H. B. Carter*, for plaintiff.
*Messrs. J. H. Merrimon* and *W. W. Jones*, for defendants.

MACRAE, J.: We cannot agree in the conclusion reached by his Honor. It does not seem to have been contended by the plaintiff that he was entitled to judgment final by default under section 385 of *The Code*, as the action was not brought upon a "breach of an express or implied contract to pay absolutely or upon a contingency a sum or sums of money fixed by the terms of the contract, or capable of being ascertained therefrom by computation." Therefore it is not a matter of moment whether the complaint

was verified or not. It is well established, however, that a material amendment, unverified, to a verified complaint renders it necessary to treat the complaint as unverified. And as this amendment was material, at least as far as defendant Walker was concerned, the complaint was filed as to him just before the issues were submitted to the jury. *Rankin* v. *Allison*, 64 N. C., 673; *Bank* v. *Frankford*, Philips, 199.

Section 386 of *The Code* provides: "In all other actions, except those mentioned in the preceding section, when the defendant shall fail to answer, and upon a like proof, judgment by default and inquiry may be had at the return term, and inquiry shall be executed at the next succeeding term." The return term was that held in August, 1891. If the complaint had been filed according to the provisions of section 206 of *The Code*, on or before the third day of the term, and the defendant had failed to appear and demur or answer at the same term, the plaintiff might have had judgment by default (section 207). But where the complaint is filed after the return term it stands on the file during the first three days of the next succeeding term, and judgment by default for want of an answer at that term may be rendered, and if judgment is not rendered at the term last named, and there is no answer filed at the next term thereafter, judgment may then be taken by default. *Roberts* v. *Allman*, 106 N. C., 391. The plaintiff, therefore, was entitled to judgment by default at March Term, 1892, upon the complaint filed at the previous term. But the complaint was amended at March Term, 1892, when the case was reached upon the calendar; it does not appear whether this was within the first three days of the term or not; if it were the defendants were entitled to the balance of the term to file their answer, and if no demurrer or answer was filed the plaintiff would have been entitled

to judgment by default.   It is evident that this judgment could not have been rendered until just before the adjournment for the term.

We think the case was properly placed upon the civil issue docket, although no issues had been joined, for not only issues of fact joined upon the pleadings, but also all other matters for hearing before the Judge at a regular term of the Court, are to be put upon. this docket.   *The Code*, §83, paragraph 3;  *Walton* v. *McKesson*, 101 N. C., 428.   The complaint having been amended at March Term, 1892, the defendant was entitled to answer.   For all practical purposes the term at which the complaint is filed, before the third day thereof, is the return term.   *Roberts* v. *Allman, supra.*   And while it is true that the refusal of the Judge to allow an answer to be filed at the trial term is a matter of discretion and not reviewable (*Reese* v. *Jones*, 84 N. C., 597) this was not the trial term, because the amended complaint had just been filed.   We, of course, are referring to such amendments as that which was made in this case, and not of amendments where the opposing party has not been misled by a defect in the pleadings, in which case an amendment can be allowed during the trial or even after verdict.   *Garrett* v. *Trotter*, 65 N. C., 430;  *The Code*, §273.

Defendant Walker, then, ought to have been permitted to answer at March Term, 1892, and if answer was not filed before the adjournment, in case the amended complaint was filed before the close of third day of the term, the plaintiff would have been entitled to a judgment by default and inquiry under section 386.   We nowhere find that the inquiry may be executed at the same term as that at which the judgment by default was rendered, unless it is expressly allowed to be done by statute.

BROWN *v.* RHINEHART.

An irregular judgment is one rendered contrary to the course and practice of the Court, and may be set aside at any reasonable time.

The submission of the case to the jury without judgment by default, and at the same term at which such judgment might have been rendered if the defendant had not been entitled to answer, was not according to the course and practice of the Court and was irregular, and it was error to have held that the trial, verdict and judgment were regular. They ought to have been set aside as to the defendant Walker, and the said defendant allowed to answer. (Defendant Rhinehart did not appeal). Error in defendant Walker's appeal.

### (PLAINTIFF'S APPEAL IN SAME CASE).

MacRae, J.: Whatever may have been the former rulings upon the power of the Judge to set aside judgments under section 274 of *The Code*, we must consider it settled by the decisions in *Beck* v. *Bellamy*, 93 N. C., 129, and *Clemmons* v. *Field*, 99 N. C., 400, followed at last Term in the case of *Flowers* v. *Alford*, 111 N. C., 248, that where the judgment was rendered upon a verdict the motion will be denied, and that therefore it was error in his Honor to have set aside the verdict and judgment for excusable neglect. But as the same result will be reached, and the verdict and judgment be set aside as irregular, the appellant will not recover his costs upon the appeal. It is so ordered.

Error.