W  H. PHIFER, Administrator of Hattie M. Vonhurst, v.
TRAVELLERS INSURANCE COMPANY.

(Decided December 13, 1898.)

*Mistake, excusable, inexcusable—The Code, Sec. 374—*
*Verification of Pleadings—Corporations.*

1. All pleadings of a corporation must be verified by an officer thereof, whenever verification is necessary; verification by a general agent is insufficient.   *The Code*, Sec. 258.

2. Mistaken legal advice by counsel, acted on by client, is not remediable under *The Code*, Sec. 274, by motion to set aside—being a mistake of law and not of fact.

CIVIL ACTION upon a policy of insurance issued by the defendant to Charles L. Vonhurst, deceased husband of

intestate of plaintiff, for his wife's benefit   The action
was instituted in the Superior Court of UNION County,
and at January Term, 1898, was heard before *Green, J.*,
upon a motion for judgment for want of a proper veri-
fied answer to the verified complaint.   The answer was
verified by a general agent of the company, but who
was not an officer of the company.   The defendant
moved for a continuance to amend verification—motion
disallowed, and judgment rendered for the plaintiff and
defendant appealed.

Afterwards, at August Term, 1898, of Union Superior
Court, before *Starbuck, J.*, the defendant upon notice
and affidavits moved to set aside said judgment on the
ground of mistake, surprise, or excusable neglect, under
Section 274 of *The Code*.   The affidavits stated that the
defendant had a meritorious defence, and had employed
local counsel to appear and file answer, who had done so
after being put in possession of the facts.   That inquiry
was made by defendant, through one of its non-resident
attorneys, of the local attorney, what would be neces-
sary under the laws and practice of North Carolina to
make a proper verification of the answer, and as to who
was the proper person to make the verification, and the
defendant was advised by its local counsel, that it would
be sufficient under the laws and practice in this State to
have said answer verified by one of its general agents,
having supervision of its business in North Carolina—
and the answer was verified accordingly and filed.   The
local counsel by affidavit, corroborated the sworn state-
ment as to merits and as to the advice given by him,
stating that he had been misled by an incorrect citation
of an opinion of the Supreme Court contained in one of
the digests.

His Honor was of the opinion and so stated that the

facts contained in the affidavits do not constitute a case
which would authorize the court, in the exercise of a
sound legal discretion, to vacate the judgment under
Section 274 of *The Code*—and he adjudged, as a matter
of law, that the motion to vacate be denied, and that
plaintiff recover of defendant his costs expended in this
motion, to be taxed by the Clerk.

Defendant appealed.

·*Messrs. Jones & Tillett*, for defendant (appellant).
*Messrs. Adams & Jerome*, for plaintiff.

DOUGLAS, J :   This is an application under Section
274 of *The Code* to set aside a judgment taken against
the defendant through his excusable neglect.

The original action was upon a policy of insurance,
and was brought by plaintiff against defendant on
March 31, 1897, to the August Term, 1897, of Union
Superior Court.    About April 22, 1897, a local attorney,
not the counsel now representing it here, was employed
on behalf of defendant to appear for it and make its
defence in said action.    At the appearance term he en-
tered an appearance for defendant, and an order was
made by consent granting both parties time to file
pleadings.    Prior to the appearance term, the defendant
had put its local attorney in possession of the facts upon
which it based its defence, and insisted that it had a
valid and meritorious defence.    The complaint was filed
on October 20, 1897, and the answer about December
30, 1897.    The defendant inquired of its attorney as to
what would be necessary under the law and practice of
this State to make a proper verification of the answer,
and inquired also as to who was the proper person to
make the verification.    Its attorney prepared the answer

and sent it to Richmond, Virginia, with instructions that it could be properly verified by a general agent of defendant who resided in Richmond, and the answer was so verified and returned to its attorney who filed it in court.   A short time before court adjourned, the attorneys for the plaintiff on the last day of court made a motion before Greene, J., for judgment upon the complaint and took the ground that the answer had not been properly verified, for the reason that it was verified by an agent and not by an officer of the defendant.   The defendant then asked the Judge to grant a continuance of the action in order that the answer might be properly verified, but this motion was refused and a judgment was rendered for plaintiff for the full amount of the policy.   The defendant's attorney thereupon in open court gave notice of an appeal, and a short time thereafter informed the defendant of the judgment.  The judge held as a matter of law that this was not a proper case for the exercise of the discretion to set aside the judgment, and as a matter of law refused to grant defendant's motion, and defendant appealed.

The defendant insists that in fact it was not guilty of any neglect whatever, as it had promptly employed local counsel, and, having strictly followed his instructions, was not responsible for his neglect.

It is admitted that the verification of the answer is invalid, as all pleadings of a corporation must be verified by an officer thereof, whenever their verification is necessary.   *Code*, Section 258; *Banks* v. *M'f'g. Co.*, 108 N. C., 282.   The local attorney retained by defendant filed two affidavits setting forth substantially the above facts, and further alleging that he had so advised the defendant after investigating the questions involved; that in such investigation he had used a well known di-

gest of the decisions of this Court, upon which he had relied in view of the standing and antecedents of its author; that he had been misled by a false citation in said digest, and in reliance thereon had failed to examine the cited case, which in fact held the reverse of the citation. There are some contradictory statements of attorneys as to a verbal agreement, which were not passed on by his Honor and which it is neither necessary nor practicable for us to determine.

*We are of opinion* that the judgment should be affirmed. The defendant cites in support of its contention the cases of *Ellington* v. *Royster*, 87 N. C , 14; *English* v. *English*, Ibid, 497; *Whitson* v. *Railroad*, 95 N. C., 385, and *Gwathmey* v. *Savage*, 101 N. C., 103. These authorities would be conclusive were they applicable to the case at bar, which we think comes under the decision of *Skinner* v. *Terry*, 107 N. C., 103, being a mistake of law and not of fact. The attorney did not neglect to file an answer, nor did he neglect to have it verified. He states that after an investigation he informed the defendant that the verification by an agent of the defendant corporation would be sufficient. This was merely his opinion upon a matter of law and was a legal conclusion, which, however erroneous, binds the defendant who voluntarily acted upon it. It is not the neglect of any duty, but its improper performance under a mistake of law. In *Mauney* v. *Gidney*, 88 N. C., 200, 205, this Court says: "As to the adult defendant, there is absolutely no ground for disturbing the judgment as to her. She took the advice of counsel, and having acted upon it, must abide the result." It is true that the neglect and the bad advice of counsel may lead to the same result in the injury of the client, but arising from different causes, they do not primarily come

within the same rule.    While it is always matter of regret that any one should suffer by following the advice of licensed attorneys, we cannot ignore the rights of adverse parties, or disturb the orderly procedure of the courts without sufficient cause.    The client selects his own attorney, and in this selection he should be influenced, as in all other business matters, by the diligence and capacity of him to whom he commits the management of his affairs.    The judgment is affirmed.

Affirmed.