T. C. MANN ET ALS. v. J. M. HALL ET ALS.

(Filed 24 September, 1913.)

1. Appeal and Error—Judgment—"Mistake"—Interpretation of Statutes.

On appeal from an order setting aside a judgment for mistake, etc., under Revisal, 513, the court can review only the question whether the facts found by the lower court constitute such mistake, etc., as would authorize him to set aside the judgment.

2. Same—Verdict.

Where on appeal from an order setting aside a judgment and verdict for mistake, etc., rendered under provisions of section 513, Revisal, the judge of the lower court has found that by mistake in describing the lands sued for the attorney has demanded judgment in his complaint for a fractional part of the fractional part of lands contended for, and not the whole of such fractional part, mistaking the description of one for that of the other; that during the progress of the trial the testimony of the witnesses reasonably confirmed him in this mistake, and it appears that the judgment entered conformed thereto, it is *Held*, that the order setting aside the judgment and verdict comes within the purview of the statute, and will be sustained, the rights of third persons not having intervened.

3. Judgments — "Mistake," Etc. — Words and Phrases—Interpretation of Statutes.

Revisal, 513, authorizing the judge to set aside a judgment and verdict or other proceedings within one year after notice, is not restricted to cases of excusable neglect, but embraces also those taken "through his mistake, inadvertence, or surprise," the meaning of each being distinct from the other, and the right applying as to each separate from the other, as, in this case, for "mistake" alone.

4. Judgment, Adverse—"Mistake," Etc.

Where a successful party litigant has, through his mistake in the description of lands, ·recovered less than he should be entitled to, he may move the court, under the provisions of Revisal, sec. 513, to set aside the verdict and judgment, the judgment being adversary to him to the extent of the diminution of his recovery through his mistake.

BROWN, J., dissenting; WALKER, J., concurring in the dissenting opinion.

APPEAL by defendant from Whedbee, J., at Spring Term, 1913, of HYDE.

Ward & Grimes for plaintiffs.
Bond & Bond for defendants.

CLARK, C. J. This is a motion to set aside a verdict and judgment for mistake. Revisal, 513, empowers the judge "upon such terms as may be just, at any time within one year after notice thereof, to relieve a party from a judgment, order, verdict, or other proceedings taken against him through his mistake, inadvertence, surprise, or excusable neglect." On such motion the facts found by the judge are conclusive. This Court can review only the question whether the facts so found constitute such mistake, or inadvertence, or surprise, or excusable neglect which would authorize setting aside the judgment or verdict. Norton v. McLaurin, 125 N. C., 185. The mistake must be one of fact, not one of law. Phifer v. Insurance Co., 123 N. C., 405; Skinner v. Terry, 107 N. C., 103.

The facts found by the judge are those set out in the affi-·davit of H. S. Ward, which are in substance that several years

ago one B. B. Sanderson owned a large tract of land in Hyde County and conveyed eleven-sixteenths thereof to his children, and conveyed the other five-sixteenths, which had been surveyed and set off by metes and bounds as a separate tract, to his sister, Josephine Jones; that after her death her husband, who was tenant by the curtesy, conveyed said last named tract in fee simple to the defendants in this action. After his death the plaintiffs, who are the heirs at law of Josephine Jones, instituted this action. They knew nothing of the bounds of the said tract, and their lawyer, said H. S. Ward, drew the complaint from the description given him by B. B. Sanderson. Said Sanderson in giving him the boundaries for the complaint and in his testimony at the trial spoke of the "five-sixteenths interest," to which plaintiffs were entitled, and their counsel did not understand that he meant to give or was giving the boundaries of the new tract of five-sixteenths of the original tract which had been cut off and conveyed to Josephine Jones, but understood that Sanderson was giving the boundaries of the whole of the original tract, and that plaintiffs were entitled to an undivided five-sixteenths interest therein. Said counsel being without other information as to the boundaries, asked in the complaint for a partition of said tract and an allotment of five-sixteenths to his clients. The issues were submitted to the jury under this mistake, the defendants made only a formal defense, and with the assent of the plaintiffs the verdict was rendered and judgment entered that plaintiffs were entitled to five-sixteenths and that the defendants were entitled to eleven-sixteenths in said tract. An interlocutory decree was entered in accordance therewith, appointing H. S. Ward commissioner to sell the premises for partition and report the sale. The affidavit of H. S. Ward, which the judge finds to be true, further avers that in drawing the complaint he thought he had described the whole of the original Sanderson tract, and that his clients were entitled to an undivided five-sixteenths therein, whereas under this mistake of fact he only described in the complaint the boundaries of the "five-sixteenths tract" which has been cut off

and conveyed as an entire tract to Josephine Jones, the whole of which tract his clients were entitled to recover and for which this action was brought.

The judge found as a fact that the complaint was thus drawn by mistake, and that the verdict and judgment had been taken under the same mistake of fact, and ordered that the verdict and judgment should be set aside. It would be difficult to find any case in which the facts would authorize setting aside any verdict and judgment for "mistake" if the facts found by his Honor in this instance are insufficient.

Prior to chapter 81, Laws 1893, the word "verdict" was not in this section (now Revisal, 513), and there were decisions that the subsequent judge could not relieve in such cases when there had been the verdict of a jury. But it has now been held that a verdict can be set aside in cases of mistake or excusable neglect if the verdict has been rendered since the passage of that act. *Morrison v. McDonald*, 113 N. C., 327; *Brown v. Rhinehart*, 112 N. C., 772.

In this case the interlocutory judgment directing a sale for partition and a report thereof and retaining the cause for further directions was made at fall term of Hyde, which began 18 November, 1912. The plaintiff's attorney discovered the mistake before any rights of third parties had intervened, and promptly made this motion to set aside the judgment and verdict in January, 1913. Such verdict and judgment were against the plaintiffs, in that it was adjudged that the defendants were entitled to eleven-sixteenths of this tract, and on the facts found the judge properly held that there was mistake which entitled the plaintiffs to the relief sought.

Revisal, 513, authorizing the judge to set aside the judgment and verdict or other proceedings within one year after notice, is not restricted to cases of "excusable neglect," but embraces cases where the judgment or other proceeding has been taken "through his mistake, inadvertence, or surprise." These words are not mere surplusage, but mean entirely different things, though of course, the most common instance in which this section has been invoked has been in cases of excusable neglect.

In *Skinner v. Terry,* 107 N. C., 107, it is held that it embraces cases where the party "was reasonably misled or surprised by matters of fact," but that it does not embrace ignorance or mistake as to the law.

In this case the counsel was misled by a mistake of fact, in understanding the witness, on whose ·information he drew the complaint and tried the cause, to give the boundaries of the larger tract and that his clients ·were entitled to five-sixteenths therein (neither the counsel nor his other clients having any knowledge of said boundaries) whereas the witness in fact was giving him the boundaries of the smaller tract, which was five-sixteenths of the larger tract, but which had been cut off, and of which, if his contention is right, the plaintiffs were entitled to the whole. If this judgment is not set aside, the plaintiffs will be deprived by such mistake, purely of fact, of eleven-sixteenths of land which is theirs (if their contention is right as to the law), whereas if the judgment is set aside the defendants can lose nothing of their right and the controversy will be decided on its merits.

This is not the invocation of the doctrine of mutual mistake in equity, but a statutory provision for correcting a "mistake or inadvertence" in. legal proceedings whereby an injustice would accrue to a party. In *Lutz v. Alkazin,* (N. J.) 55 Atl., 1041, which was a suit to reform a contract for sale of land and for specific performance so as to include 10 feet not in the description of the contract, the counsel overlooked the prayer to' include the 10 feet, and took judgment omitting it. The Court held that this was a case of surprise, and that the decree should be opened to allow that matter to be litigated. This case is much stronger, because here, as a matter of fact, the counsel misunderstood the description as embracing the whole tract and understood that his clients had an *undivided* five-six-teenths therein by reason of such mistake and inadvertence. The defendants, who put in a mere formal defense, have not been prejudiced, and cannot in good conscience claim to hold the land for which they have obtained judgment by such mis-

take. If they have a good claim to said property, there ought to be opportunity to have it understandingly passed upon by the court and jury.

The party who has obtained judgment for an amount less than his claim is nevertheless entitled to prosecute an appeal therefrom. This is equally true on a motion to set aside a judgment under this section where the judgment by reason of mistake, etc., is for less than it should have been otherwise. This has been held in *Montgomery v. Ellis,* 6 Howard (Pr.), 326, in New York, in which this section of the Code is the same as ours. It is there said: "A party who has a judgment *in his favor* may, on application to the court under section 174 (our section 513) of the Code, have redress or be relieved the same as if the judgment was *against* him." This case is much stronger, for here not only the judgment was for less than the plaintiff was entitled, being for five-sixteenths of the tract when he was seeking to recover the whole tract, but the verdict and judgment go further and adjudge that the defendants are entitled to eleven-sixteenths of the land. This certainly is *against* the plaintiffs.

His Honor properly set aside the verdict and judgment by reason of the palpable mistake made, on the facts as found by the judge, and directed that the real controversy should be tried out on its merits. If the defendants are not entitled to the eleven-sixteenths, they ought not to obtain it by such mistake and inadvertence. Revisal, 513. If the plaintiffs are not entitled to recover said eleven-sixteenths, they are not entitled to recover anything. The ready assent of defendants to the judgment, therefore, is significant.

The motion was properly granted.

Affirmed.

BROWN, J., dissenting: I regret I cannot agree to the conclusion of my brethren. I will state the case as I understand it.

This is a motion made by plaintiff to set aside a verdict and judgment rendered at the Fall Term, 1912, by Lane, judge of the Superior Court of Hyde County, in favor of the plaintiff against the defendant, and on the ground of *excusable* neglect.

The motion was made before Whedbee, judge, Spring Term, 1913, and based upon the affidavit of H. S. Ward, the allegations of which were controverted in an affidavit by the defendant.

The complaint reads as follows:

Plaintiffs complain of defendants and allege:

1. That the plaintiff B. B. Sanderson, on the......day of .........., 1881, conveyed a five-sixteenth (5-16) undivided interest in the land hereinafter described, then being the owner of same in fee simple, to one Josephine Jones, *née* Sanderson.

2. That said Josephine Jones died intestate and without lineal descendants surviving.

3. That the plaintiffs are the owners of said five-sixteenth (5-16) interest in said land, referred to in section 1, aforesaid, and defined and described as follows:

Lying in Hyde County, bounded on the north by the lands of Charlie Jennette, on the east by the Pamlico Sound, and the south by the lands of the heirs of R. E. Carter, and on the west by the public road from Engelhard to Middletown.

4. That defendants are in the possession of the entire tract and assert title to same, including the five-sixteenth (5-16) interest, adversely to the title of the plaintiffs, and refuse plaintiffs the right of possession.

5. That the annual rental value of said land is $.....

Wherefore, plaintiffs pray judgment that they be adjudged the owners of the five-sixteenth (5-16) interest in said land, and that they be let in possession of same, and for $...... for rents, and for costs and general relief.

WARD & GRIMES,
*Attorneys for Plaintiffs.*

This complaint is duly verified.

The defendants answered under oath, denying the several allegations of the complaint alleging title in plaintiff, and admitting possession of the land described in the complaint.

Upon such pleadings, these issues were submitted by consent as the issues raised by the pleadings:

Are the plaintiffs owners of an undivided five-sixteenth interest as tenants in common with defendants in that part of land described in complaint conveyed by W. H. Jones to J. M. Hall? Answer: Yes.

Are plaintiffs owners of an undivided five-sixteenth interest as tenants in common with defendants in that part of land described in complaint, conveyed by W. H. Jones to Redmond Turner? Answer: Yes.

Are plaintiffs owners of an undivided five-sixteenth interest as tenants in common with defendants in that part of land described in complaint, conveyed by W. H. Jones to Redmond Turner? Answer: Yes.

Are plaintiffs owners of an undivided five-sixteenth interest as tenants in common with defendants in that part of land described in complaint, conveyed by W. H. Jones to heirs of Arnold Whitfield? Answer: Yes.

Do defendants, according to their respective interests, own the other eleven-sixteenths of said pieces of land? Answer: Yes.

Upon those issues this judgment was rendered *upon motion* of Ward & Grimes, plaintiffs' attorneys:

Present: Hon. Henry P. Lane, judge presiding.

This cause coming on for trial at this term, and the jury having answered the issues as appears in the record, it is on motion of Ward & Grimes, counsel for plaintiffs, ordered, adjudged, and decreed that the plaintiffs are the owners of a five-sixteenth undivided interest in the lands described in the complaint, as tenants in common with defendants, who, according to their respective interests, own the other eleven-sixteenths, plaintiffs' interest in said five-sixteenths being as follows:

B. B. Sanderson, one-half thereof; T. C. Mann, one-tenth thereof; J. E. Mann, one-eighteenth thereof; Preston Gibbs, Seth Gibbs, Ella G. and Florence O'Neal, one-tenth; Carroll Mann and Clyde Wade, one-tenth; Mary Carter, Isabelle Carter, D. M. Carter, Jr., John Carter, and Rufus Carter, one-tenth.

(Then follows a clause appointing H. S. Ward commissioner to sell the land described in the complaint, and by *consent* the motion to confirm report of sale may be heard at chambers, and—) It is adjudged that plaintiffs recover the costs of this action up to and including recording this judgment. It is further adjudged that plaintiffs recover of defendant J. M. Hall, $12.50; of defendant Riley Midgette, $62.50; of the other defendant, $19.74.

HENRY P. LANE,

*Judge Presiding.*

It must be admitted that the plaintiff obtained a sweeping victory, and recovered judgment against the defendants for every foot of land and every dollar he claimed.

I have stated this case very fully, so it can be seen how extraordinary this proceeding is, and how utterly destructive of all stability in judicial procedure it will be if established as a precedent.

The ground upon which the plaintiff bases his motion is, that in drawing the complaint in the case his attorney did not claim enough. This is undoubtedly a very novel and unusual accusation to make against a member of our profession; but whose fault was it that he did not claim enough? It was either the fault of the attorney or of the client (it is immaterial which) that they did not describe the entire land conveyed by Jones to the defendants.

The affidavit states:

"This affiant all the time believed he had described in his complaint the entire original Sanderson tract, and did not know he had described only the tract conveyed by Jones to the defendants. That he was entitled to recover the land described in his complaint, and not a five-sixteenths (5-16) interest therein; and this he is informed and believes the defendants knew at the time he wrote the judgment.

"That he saw the defendant Hall smiling at his attorney when the judgment was written and read, and did not know the meaning of it, and by reason of his mistake in drawing the judgment and in thinking that his complaint described the en-

tire Sanderson tract, as aforesaid, he has failed to have ·his. clients adjudged the owner of the eleven-sixteenths (11-16) interest to which they are as justly entitled as to the five-sixteenths (5-16) interest recovered.

"That the said judgment is erroneous by reason of the mistake of the draftsman and the mistake of B. B. Sanderson, who, as above stated, was all the time referring ·to the land as a .five-sixteenths (5-16) interest."

It is true that if the judgment did not conform to the pleadings and issues, it could be corrected as an irregular judgment, but it is a carefully drawn decree and conforms closely to the pleadings and issues.

It is unnecessary to consider the question as to whether there is any excusable neglect shown in. the affidavit. In my view, the statute does not cover the case, and it must be admitted that words should not be read into the statute to make it cover it.

The language of of the statute is as follows:

Revisal, 513. *"Mistake, Surprise, Excusable Neglect.* The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict, or other proceeding taken against him through mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding."

The decisions under this section are too numerous to cite, but they all agree that the only party who can avail himself of such relief under the section must be *one against whom a judgment* is rendered, and no party who has had a trial in court and recovered all he claimed can appeal to this section because he did not claim enough.

The decisions are collected in Pell's Revisal, 513.

Prior to the amendment of the statute as now contained in Revisal, sec. 513, it was held that the statute applied only to judgments by. default, and then only for the relief of a defendant against whom judgment had been taken, and that the statute did not apply to a judgment rendered conformable to a ver-

dict. *Morrison v. McDonald,* 113 N. C., 327; *Brown v. Rhine-hart,* 112 N. C., 772; *Beck v. Bellamy,* 93 N. C., 129; *Clemmons v. Field,* 99 N. C., 400.

Afterwards, the statute was amended so as to relieve the party from "a judgment, order, verdict, or other proceeding" as now set out in Revisal, 513; but the words, *"taken against him* through his mistake, surprise, or excusable. neglect," are now, and always have been, in the statute since it was first enacted. Code, sec. 274; Acts 1893, ch. 8; C. C. P., sec. 133.

In this case, as appears from the record, no judgment or verdict has ever been rendered *against* the plaintiffs. The issues were formulated and submitted at instance of plaintiffs' counsel, the verdict on each issue was in favor of the plaintiff, the judgment was drawn by plaintiff's counsel and entered up as the court's decree upon their motion.

It is well settled that "a judgment entered by consent of counsel of record in a matter coming within the scope of his authority is regular and binding on the client, and will not be set aside on the ground of excusable neglect." *Hairston v. Garwood,* 123 N. C., 345; *Westhall v. Hoyle,* 141 N. C., 338; *Harrill v. R. R.,* 144 N. C., 544.

The judgment in this case is neither an irregular nor an erroneous judgment. It was rendered after a trial, upon the verdict and pleadings, and is strictly conformable to both. It cannot be set aside under this statute. *May v. Lumber Co.,* 119 N. C., 97.

Had it been an erroneous judgment, and rendered for too much or too little, but according to the course of the court, the only remedy is by appeal. *Wolfe v. Davis,* 74 N. C., 597.

So far as the plaintiff is concerned, this is a consent judgment, as it was entered upon his motion and at his request. Therefore, it cannot be set aside except for fraud, or the mistake of *both parties,* and then only by a civil action brought for the purpose, except in a partition proceeding it may be done by petition in the cause; but that does not change the elementary principles governing such cases. *Vaughan v. Gooch,* 92 N. C., 524; *Kerchner v. McEachern,* 93 N. C., 447.

This subject is forcibly discussed by *Justice Reade* in *Simmons v. Dowd,* 77 N. C., 156, in a case practically on all-fours with this, in which he says:

"The motion of defendant, and the action of the court below, were evidently based upon the idea that C. C. P., sec. 133, now Revisal, 513, applied to the case; but was a mistake. . . . It is common learning that all judgments and proceedings of the court are in the breast of the court during the term, and may be vacated and amended in any way; but after the term closes, they are sealed forever.

"This applies to all proceedings of the court which are regular and according to the course and practice of the court, however *erroneous* the same may be. And *note,* that an erroneous judgment may be just as regular as one which is free from error.

"If I sue a man and recover $100, my judgment is regular. If I *ought* to have recovered $200, or ought to have recovered only $50, my judgment for $100 is erroneous, but still it is regular. And after the term of the court when it is rendered, I cannot have it increased, and the defendant cannot have it diminished. If this were not so, there would be no end to litigation."

MR. JUSTICE WALKER concurs in this dissenting opinion.