## C. R. HILL v. HUFFINES HOTEL COMPANY.

(Filed 19 November, 1924.)

**1. Pleadings—Judgment by Default—Clerks of Court—Judge—Default and Inquiry—Jurisdiction.**

Chapter 304, Public Laws of 1919, and chapter 92, Public Laws, Extra Session 1921, in regard to pleadings, etc., before the clerk of the Superior Court, do not in all instances deprive the Superior Court judge of his jurisdiction to enter judgment by default final, or default and inquiry in proper instances, and where the clerk has failed to enter a judgment by default and inquiry by default of an answer when the statute so provides, but transfers the cause to the civil issue docket, it is not error for the trial judge, after the lapse of several terms, and the answer having long since been due, to proceed with the inquiry before the jury on the issue of damages, and when accordingly the jury has assessed the damages, his action in refusing to sign judgment thereon on defendant's motion as a matter of law as not being in accordance with the due course and practice of the courts, is reversible error.

**2. Same—Meritorious Defense.**

Upon defendant's motion to set aside a judgment for excusable neglect, it is necessary for him to also show a meritorious defense.

Appeal by plaintiff from *Lane, J.,* at April Term, 1924, of Guilford. Action to recover damages for false imprisonment.

The only evidence offered upon the trial was the testimony of the plaintiff, the substance of which follows. In November, 1922, the plaintiff registered as a guest at the Huffines Hotel in Greensboro and remained there about two days. He was sitting in his room reading a magazine at 9:30 p. m., when the manager of the hotel entered the room without knocking and in a brusque manner said that the water was running through the floor of the room occupied by the plaintiff to the room below. The plaintiff replied he had not been near the lavatory and did not know the water was running. He afterwards found a wet spot there on the carpet about two feet in diameter, but the carpet had absorbed the water. Plaintiff went to bed and after reflecting concluded he would check out. He went to the office and found a charge against him of $25 for damage to the room. He refused to pay it and tendered the amount of his bill, but the clerk refused to check him out. The manager, who had been sent for, came in and insisted upon plaintiff's payment of this charge. This was at midnight. The manager called for policemen and two plainclothes men came to the hotel. He again demanded the $25 and when the plaintiff still refused to pay it said the plaintiff would have to pay it or go to jail. The policemen arrested the plaintiff without a warrant and carried him along the main street

to police headquarters. The manager was present but no offense was proved and the plaintiff was released.

The summons against the defendant was issued 18 November, 1922, was returnable on 5 December, and was served 22 November. The complaint was filed in due time, but the defendant did not file an answer. About 18 months intervened between the term when the summons was served and the complaint filed and the term at which the action was tried. Meantime many terms were held for the trial of both civil and criminal actions. The case was regularly put on the calendar for trial and at the hearing the court charged the jury fully upon all phases of the evidence and the law applicable, and the following verdict was returned:

1. Did the defendant cause plaintiff to be arrested without a warrant or other lawful process, as alleged in the complaint? Answer: "Yes."

2. What damage, if any, is plaintiff entitled to recover? Answer: "$2,500."

The plaintiff tendered a judgment in accordance with the verdict and thereupon defendant through counsel entered a general appearance, objected to the signing of the judgment so tendered and moved to set aside the verdict for the following asserted reasons:

1. For that the summons was not duly served upon defendant as required by the pertinent provisions of the statutes in such case made and provided.

2. For that the failure of defendant to file an answer and make defense was due to excusable neglect.

3. For that the verdict was excessive.

4. For that the trial and verdict were not in accordance with the regular and orderly practice of the court in that, no answer having been filed, the only course open to plaintiff was to seek and obtain a judgment by default and inquiry at this term and prosecute the inquiry at a succeeding or the next succeeding term of the court.

Upon this motion defendant submitted affidavits denying plaintiff's testimony and alleging that plaintiff was drunk and disorderly and that he had not been arrested. Plaintiff filed counter affidavits and the judge refused to sign the judgment tendered by plaintiff and refused to set aside the verdict on the alleged ground of a want of service, or of excusable neglect, or excessive damages, and found that the defendant had not shown a meritorious defense to the cause set out in the complaint, but made the following order:

"The court, being of the opinion that the submission of the case at this term to a jury and the verdict rendered thereupon are not in accordance with the regular and orderly practice of the court and with the provisions of the statutes in such case made and provided, allows the motion as predicated upon the fourth ground and sets the verdict

aside for the reason assigned on that ground and for that reason alone. To the action of the court in so setting aside the verdict and in refusing to sign the judgment tendered by plaintiff, plaintiff excepts and appeals in open court from the action and ruling of the court to the Supreme Court."

*Bynum, Hobgood & Alderman and G. M. Patton for plaintiff.*
*Brooks, Parker & Smith for defendant.*

Adams, J. The trial judge found the facts to be that the defendant had been duly served with summons and had not shown excusable neglect or a meritorious defense, and that the damages awarded were not excessive. He set aside the verdict, not as a matter of discretion, but for the assigned reason that the trial had not been conducted in accordance with the regular and orderly practice of the court. He held that the only course open to the plaintiff was to obtain a judgment by default and inquiry and to prosecute the inquiry at a succeeding term of the court; and the sole question to be decided is whether there was error in this ruling.

The summons was issued 18 November, 1922, several months after chapter 92 of the Public Laws, Extra Session, 1921, had gone into effect. The provisions of this act in reference to process and pleadings differ materially from the statutes previously in force.

Prior to the act of 1919 (Public Laws, ch. 304) the practice, concisely stated, was as follows: the summons was returnable to a regular term of the Superior Court to be held in the county from which it was issued (Revisal of 1905, secs. 430, 434, 435); the complaint was to be filed in the clerk's office on or before the third day of the term to which the action was brought, and at the same term the defendant was to appear and demur or answer (*ibid.*, sec. 473); if the defendant failed to appear the plaintiff, if not entitled to a judgment by default final, was authorized to take a judgment by default and inquiry. The inquiry was to be executed at a succeeding term for the obvious reason, if for no other, that the defendant's right to answer precluded such inquiry at the return term.

In the act of 1921, *supra,* it is provided that a clerk of the Superior Court may enter a judgment by default and inquiry, and further: "If no answer is filed the plaintiff shall be entitled to judgment by default final or default and inquiry as authorized by C. S., 595, 596, and 597 and all present or future amendments of the said sections; . . . and in all cases of judgment by default and inquiry rendered by the clerk, the clerk shall docket the case in the Superior Court at term time for trial upon the issues raised before a jury, or otherwise as provided by law,

and all judgments by default and inquiry shall be of the same force and effect as if rendered in term and before a judge of the Superior Court." P. L., 1921, Ex. Ses., ch. 92, sec. 1 (9, 12).

As we understand the defendant it insists that a judgment by default and inquiry should have been entered by the clerk and the cause should then have been transferred to the Superior Court docket for the award of damages. The position assumes, we take it, that the clerk had the exclusive power to render such judgment and that the case when heard was not properly before the judge. When the Legislature empowered clerks to enter judgments by default and inquiry as indicated in the sections referred to, it no doubt intended thereby to expedite litigation. This provision was in the nature of an enabling act and we apprehend was never intended to deprive the Superior Court in term of its jurisdiction to render judgments by default final or by default and inquiry, and it cannot reasonably be construed as effective for such purpose.

The statute further provides that when pleadings are made up and issues are joined the clerk shall forthwith transmit the original papers in the cause to the court at term for trial upon the issues, when the case shall be proceeded with according to the course and practice of the court. Subsection 13. If this statute were interpreted as providing that original papers can be transferred to the docket for trial in term only after an answer is filed, some difficulty might be encountered in assessing damages in cases similar to the one under consideration. A judgment by default and inquiry admits that the plaintiff has a cause of action and is entitled to nominal damages, but the burden of proving any damages beyond such as are nominal still rests upon the plaintiffs. *Osborn v. Leach,* 133 N. C., 428, 432; *Stockton v. Mining Co.,* 144 N. C., 595, 600. Though the cause of action be admitted the damages must be determined by the jury, and for this purpose the case must go to the trial docket. In *Brown v. Rhinehart,* 112 N. C., 772, 776, *McRae, J.,* said: "We think the case was properly placed upon the civil issue docket, although no issues had been joined, for not only issues of fact joined upon the pleadings, but also all other matters for hearing before the judge at a regular term of the court, are to be put upon this docket." The case before us was put upon the civil issue docket and remained there more than fifteen months, and was then put upon the calendar and duly called for trial. The contention that the case should be treated as if before the clerk and not before the judge cannot, therefore, be upheld.

The question next to be considered is whether the lower court committed error in submitting the issues to the jury. In support of its contention that there was error the defendant relies on *Brown v. Rhinehart, supra.* In that case the summons was issued 21 July, 1891, was made returnable to the August term, and was served more than ten days

prior thereto; but no complaint was filed. At the next (December) term the plaintiff filed his complaint, but took no further action. At the March Term, 1892, the case was put upon the calendar and when it was reached and before the jury was empaneled the plaintiff made a material amendment to his complaint. Issues were submitted to and answered by the jury. A final judgment was entered upon the verdict. At the August Term of 1892 one of the defendants moved to set aside the judgment on the ground of irregularity. This Court held that the term at which the complaint was amended was to be regarded as the return term, and as the defendant had the right to answer during the term the issues were improperly submitted to the jury. True, *McRae, J.,* said: "We nowhere find that the inquiry may be executed at the same term as that at which judgment by default was rendered, unless it is expressly allowed to be done by statute"; but the learned *Justice* evidently referred either to the term to which the summons is returnable or to a term which, as in case of amendment or failure to file a complaint, should be treated as the return term. *Roberts v. Allman,* 106 N. C., 391.

When the summons is served and the complaint duly filed, and several terms intervene before the case is called for trial, what satisfactory reason can be given for declaring a judgment fatally irregular simply because an issue as to the cause of action has been answered by the jury? If an answer denying the complaint had been filed the same issues would have been raised. Shall the defendant's refusal or negligent failure to file an answer place him in a more favorable position than he would have occupied if he had answered the complaint and raised the very issues which were submitted to the jury?

Instead of submitting the two issues to the jury the plaintiff could have taken a judgment by default and inquiry and called for an assessment of damages at the succeeding term; but as this was not the return term the course pursued was at most a technical irregularity which did not affect the merits. By submitting the issues—upon each of which the judge charged the jury "fully and at length"—the plaintiff assumed, not only the risk of an adverse verdict on the first issue, but a burden not imposed by the law. We are unable to see that the defendant has thereby suffered material prejudice.

It should be noted, too, that the lower court held that the defendant has no meritorious defense to the plaintiff's action. Ordinarily a judgment, even if irregular, will not be set aside unless there is a "reasonably probable show of merits." *Gough v. Bell,* 180 N. C., 268, 271; *Rawls v. Henries,* 172 N. C., 216; *Glisson v. Glisson,* 153 N. C., 185.

The plaintiff is entitled to a judgment upon the verdict and the order setting aside the verdict is therefore

Reversed.