LEVI MORRISON v. K. M. MCDONALD.

*Motion to Set Aside Judgment—Statute Affecting Vested Rights, Constitutionality of.*

1. Before the passage of the Act of 1893, chapter 81, amending section 274 of *The Code*, a judgment based on a verdict could not be set aside for excusable neglect, etc.

2. The Legislature has no right, directly or indirectly, to annul in whole or in part a judgment already rendered or to reopen and rehear judgments by which the rights of the parties are finally adjudicated and vested; therefore,

3. A judgment based on a verdict, and from which there was no appeal, rendered before the passage of the Act (chapter 81, Acts 1893) extending the remedial effect of section 274 of *The Code* to judg- ments based on verdict, cannot be set aside for excusable neglect, etc.

The plaintiff recovered judgment against the defendant for $150 with interest, before a Justice of the Peace, from which the defendant appealed to the Superior Court.

At the December Term, 1892, of the Superior Court of MOORE County, in the absence of the defendant, the case was tried—the following issues having been submitted to the jury, viz.:

"Is the defendant indebted to the plaintiff; if so, in what amount?"

To which the jury responded, "Yes; $150, with interest from the ____ day of August, 1891." Whereupon, the following judgment was rendered:

"This cause coming on to be tried upon appeal from Justice's Court, and being tried, and the jury having found all issues in favor of plaintiff, on motion of Douglass & Shaw, it is adjudged by the Court that the plaintiff recover of the defendant the sum of $150, with interest from ____ day of August, 1891, and the cost of this action. Hereby affirming the judgment of the Justice's Court.

ROBT. W. WINSTON,<br>
*Judge Presiding."*

Said cause had been continued the preceding term for the defendant, on account of his absence.

At August Term, 1893, of said Superior Court, before *Connor, J.*, the defendant moved to set aside judgment and verdict of the jury, upon his affidavit and the certificate of his physician showing that when said judgment was recovered at the December Term the defendant was sick and unable to attend Court.

His Honor refused to grant said motion, for the reason that said judgment was rendered and duly docketed previous to the passage of the Act of the Legislature authorizing the setting aside the verdict, and therefore refused to set aside the judgment and verdict, to which the defendant excepted and appealed.

*Mr. Thomas J. Shaw*, for plaintiff.
*Messrs. Black & Adams*, for defendant (appellant).

SHEPHERD, C. J.: While it is true, as a general proposition, that laws may be passed so as to operate retrospectively upon existing remedies or procedure, it is also well established that where such legislation has the effect of disturbing vested rights, it must be construed as prospective in its operation only. In accordance with this qualifying principle, it is laid down by Black in his Constitutional Prohibitions, sections

198 and 199, that "the Legislature has no constitutional power to grant to a party litigant a right to an appeal or writ of error, in cases where no such right existed when the judgment was pronounced, or where the right has been definitely forfeited.   *   *   *   It is well ruled that a statute authorizing the opening of judgments rendered since a certain anterior date impairs vested rights and infringes on the judicial department of the government"

Wade, in his Retrospective Laws, section 171, says: "The rights secured to either party to a suit by an adjudication of the matter in controversy between them, are proprietary rights which the Constitution will protect.   *   *   *   If the constitutional provisions referred to were insufficient to protect judgments, final and conclusive, under the law as it existed at the time of their rendition, because there was no appeal, then they would be equally insufficient to secure the rights of judgment creditors after affirmance by the Court of last resort.   Litigation would have no end so long as the Legislature maintained the power to reopen a case in which possible errors may have been committed."

In Black on Judgments, section 298, it is said: "While a statute may indeed declare what judgments shall *in future* be subject to be vacated, or when or how, or for what causes, it cannot apply retrospectively to judgments already rendered and which had become final and unalterable by the Court before its passage.   Such an act would be unconstitutional and void on two grounds: first, because it would unlawfully impair the fixed and vested rights of the successful litigant, and second, because it would be an unwarranted invasion of the province of the judicial department.   It is therefore held by a majority of the decisions that a statute vacating, or directing the Courts to vacate a particular judgment or class of judgments already rendered and become final before the enactment of the statute, and granting new trials in such actions, is unconstitutional and invalid."   1 Freeman Judg-

ments, section 90; Sedgwick Stat. Law, 195; Potter's Dwarris Statutes, 162, n. 9.

In support of the foregoing propositions, many decisions are cited, but we will refer to only a few, and these simply by way of illustration.

In *Stewart* v. *Davidson*, 10 Smedes & Marshall, 351, it was held that a statute giving to probate courts the power to entertain bills of review of its own decrees and judgments, had no retrospective operation so as to allow the entertainment of a bill to review a decree of the Court rendered prior to the passage of the act. Chief Justice SHARKEY, in delivering the opinion of the Court, said that the judgment was liable to be reversed by appeal or writ of error upon exceptions, but as no such course had been pursued, the parties interested in the judgment had acquired rights under it, which could not be impaired by subsequent legislation.

In *Atkinson* v. *Dunlap*, 50 Me., 111, it was held that a statute allowing previously adjudicated cases to be opened by a petition for review, if retrospective and intended to apply to cases in which existing remedies had been exhausted and the judgments had become final by the expiration of the time limited for appeals or reviews, was "manifestly unconstitutional."

In *McCade* v. *Emerson*, 6 Har. Pa., 111, it was held that a statute allowing a writ of error in cases where none lay before the passage of the act could have but a prospective operation, and this on the ground that as to existing judgments it would be unconstitutional and void.

In *Ratcliffe* v. *Anderson*, 31 Grat., 105, it was held that an act authorizing the reopening of judgments rendered prior to its passage was in conflict with the fundamental law. The Court (CHRISTIAN, J.) said: "Both upon principle and authority, we conclude that the Legislature has no right, directly or indirectly, to annul, in whole or in part, a judgment or decree of a Court already rendered, or to authorize the Courts

to reopen and rehear judgments and decrees, already final, by which the rights of the parties are finally adjudicated, fixed and vested; and that every such attempt of legislative action is plainly an invasion of judicial power, and therefore unconstitutional and void." In another part of the opinion the learned Justice said: "At the time the act under review was passed, the money adjudged to be paid to the defendant in error was his property, in a legal sense, and of this he could not be deprived, and his vested right therein could not be impaired by subsequent legislation." 30 Barb., 10; 11 Paige, 400; 2 Allen, 361; 27 Barb., 154.

The application of the above principles affords an easy solution of the question presented by this appeal. At the December Term, 1892, of the Superior Court of Moore County a judgment was rendered against the defendant in favor of the plaintiff for the sum of $150. This judgment was based upon a verdict, and there was no appeal, nor is it contended that the judgment was in any respect irregular. The defendant, therefore, can only seek relief under *The Code*, § 274, on the ground that the judgment was taken against him through his mistake or excusable neglect. It is well settled that at the time of the rendition of the judgment it could not have been set aside under the above mentioned provision of *The Code*, as it has been decided that it was not applicable to cases in which a judgment had been rendered upon verdict. *Brown* v. *Rhinehart*, 112 N. C., 772. The plaintiff, then, had an absolute and final judgment, duly docketed, and as the law then stood no Court had the authority to set it aside. This judgment, according to the foregoing authorities, was "property," or a "vested right," and could not be disturbed by the Legislature. Some time after the judgment was rendered and docketed, an act was passed extending the said provision of *The Code* to cases in which a *verdict* had been rendered (Acts 1893, ch. 81), and it is under this amendatory act that the defendant prosecutes his motion. This certainly comes within

the principles we have stated, and we think his Honor was correct in holding that the amendatory act was applicable only to judgments rendered after its enactment. The result thus reached is all the more satisfactory when it is considered that the plaintiff, by having had his judgment docketed, had acquired a lien upon the real estate of the defendant.

Affirmed.