SAM COOK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35014.   Promulgated January 7, 1932.

*W. M. Shaw, C. P. A.*, for the petitioner.
*Frank B. Schlosser, Esq.*, for the respondent.

LANSDON: The law here invoked by the parties to support their respective contentions is found in the provisions of the Revenue Act of 1921, reading as follows:

SEC. 214. (a) In computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

* * * * * * *

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business; * * *

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

The petitioner seeks to deduct, as a loss under section 214, *supra*, the cost to him of the lease which he transferred to the corporation in that year, under conditions and circumstances above set forth. The petitioner's business in the year was drilling oil wells and contract oil-well drilling, which he carried on as an individual business proprietorship known as "Cook Drilling Company." He also has interests in a number of copartnerships engaged in buying, selling, and speculating in oil properties. Obviously, he was engaged in all of these activities for profit. He purchased this lease and transferred it to his corporation, which agreed to develop it under the terms provided; and, as an inducement, he agreed to indemnify it against loss in carrying out such terms. Whether this was a transaction entered into for profit, or merely good business to get from under his obligations of that lease, it was, to say the least, well within the regular line of business in which he was engaged in that year, as shown by the statement of facts. Upon the bringing in of the dry hole, he immediately became indebted to the corporation in the sum of $21,507, under his indemnity agreement. The corporation at once entered a charge in the above amount in its books against the petitioner which canceled the credit of $10,000 it had given the petitioner as purchase price of the lease. Through this process the petitioner lost whatever property he ever had in the lease and his right to collect his sale price to the corporation. Whether allowable under subparagraph (4) or (5) of section 214 (a), *supra*, it is clear that the petitioner's investment in the lease, in the regular course of business, was lost to him in 1925, and he should be entitled to take credit for the same on his taxable income for that year. On this issue the petitioner is sustained. *Appeal of A. L. Huey*, 4 B. T. A. 370; *Oscar K. Eysenbach*, 10 B. T. A. 716; *David Stewart*, 17 B. T. A. 604; *Mrs. R. B. Lawler, Executrix*, 17 B. T. A. 1083; *Ida C. Calloway, Executrix, et al.*, 18 B. T. A. 1059; *Flint* v. *Stone Tracy Co.*, 220 U. S. 107.

In respect to the second point in controversy, the burden is upon the respondent to show that the disputed expense item set forth in his amended answer was claimed as a deduction by the petitioner in his income-tax return and erroneously allowed. This he failed to do. The statement attached to the deficiency letter was incomplete and failed to show what items figured in the computation of the tax; and the return, put in evidence, merely shows, under " Expense & Deductions," that the petitioner claimed a gross credit of $21,507, for " Ezzell Lease & Dry Hole." Assuming that that claim included the drilling-expense item which the respondent seeks to restore to petitioner's income, we can not further assume, in the absence of proof, that it was allowed even in part. The respondent alleges that it was allowed, but has failed to sustain the burden of establishing the fact. In view of this lack of proof, we must hold in favor of the petitioner on this last issue raised in respondent's amended answer. *Fred Wolferman, Executor,* 10 B. T. A. 285.

*Decision will be entered for the petitioner.*