## COOK v. UNITED STATES.

### No. 9128.

Circuit Court of Appeals, Fifth Circuit.

Jan. 16, 1940.

Harry L. Logan, Jr., of Fort Worth, Tex., for appellant.

Maurice J. Mahoney and Sewall Key, Sp. Assts. to Atty. Gen., and Samuel O. Clark, Jr., Asst. Atty. Gen., and Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex. for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Sam Cook sued the United States in the district court to recover $3,561 adjudged against him by the Board of Tax Appeals on redetermining his income taxes for the year 1925, which he paid under protest to stop penalty interest, instead of seeking a review before the Circuit Court of Appeals. A motion to dismiss the suit was made and sustained on the grounds that the decision of the Board of Tax Appeals having become final, the district court had no jurisdiction to entertain the suit, and that the Board's decision unappealed from made the question of Cook's taxes for the year 1925 res judicata.

The petition exhibits the proceedings before the Board. By these it appears that on Cook's income tax return for 1925 the Commissioner made an additional assessment of $3,133, because of the disallowance of a deduction of $10,000 claimed in the return as the cost of an oil lease on which a dry well had been drilled at an outlay of $11,507, also deducted but not questioned by the Commissioner. The Commissioner's letter called attention to Section 274 of the Revenue Act of 1926, 44 Stat. 55, as permitting a petition to the Board of Tax Appeals for redetermination of the tax. Within the time allowed, Cook on Feb. 13, 1928, filed a petition to the Board, claiming that the $10,000 deduction had been improperly disallowed, and praying that it be determined that there was no deficiency in his tax. The Commissioner answered denying that he was in error about the $10,000 deduction, and asserting that he should have disallowed also the item of $11,507 for drilling expense, and prayed that the Board find there was an increased deficiency. The parties made a stipulation of facts, and filed briefs, and the Board held the $10,000 item was deductible, and as to the $11,507 item the burden was on the Commissioner to show it had been claimed in the tax return and allowed, and this did not appear, so that decision would be for Cook. Cook v. Com'r, 25 B.T.A. 92. A rehearing was granted and the omitted proof was supplied by stipulation, whereupon the Board apparently thought that the $11,507 might be deductible on a return made on the accrual basis, but as it did not appear that Cook's return was on that basis, it announced that a decision would be made for an additional assessment because of this item, though it adhered to its former conclusion that none was proper because of the $10,000 deduction. Cook then moved to be allowed to prove that he did make returns on the accrual basis. The Board, not stating any reasons, denied this motion and entered a decision that the deficiency was $3,561. Cook's petition in the district court states that he did not appeal to the Circuit Court of Appeals, but to save penalty interest paid this deficiency under protest; and regarding the Board's final decision as void because outside the issues presented to it, he asked and has been denied a refund.

 We do not think it can be maintained that the Board's decision is a nullity. It had jurisdiction to redetermine the taxes due for 1925. The pleadings of Cook put in issue the deductibility of the $10,000 item. The pleadings of the Commissioner put in issue the deductibility of the $11,507 item. The Board did not go beyond the issues thus presented. It is true that it is alleged that the exhibited briefs claimed the law questions were narrow and the

stipulated evidence was probably narrowed accordingly. But the briefs did not override the pleadings so as to deprive the Board of power to decide the pleaded issues according to its own views of the law applicable to them. It seems on the face of the proceedings that the Board should have allowed Cook to prove the basis of his returns, as it had allowed the Commissioner to show that the item of $11,507 had in fact been deducted in the return; but its refusal, though it may have been error, did not affect its jurisdiction.

When Cook elected not to review the Board's proceedings before the Circuit Court of Appeals but to pay up and sue, he abandoned a good and adequate remedy and sought one which the law expressly denies to him. Section 284(d) of the Revenue Act of 1926, 44 Stat. 66, under which he acted in making petition to the Board states: "If the Commissioner has mailed to the taxpayer a notice of deficiency under subdivision (a) of section 274 and if the taxpayer after the enactment of this Act files a petition with the Board of Tax Appeals within the time prescribed in such subdivision, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made *and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court,* except [the exceptions are not applicable here]." Similar provisions occur in the subsequent Revenue Acts. See 26 U.S.C.A. § 322(c) and historical note. The provisions of law concerning the Board show that it is, when appealed to by a taxpayer, to have full and unimpeded authority to redetermine the taxes for the tax year, and its decision is to be final, subject to the review allowed before the Circuit Court of Appeals. The taxpayer who elects to invoke the jurisdiction of the Board accepts this consequence. The United States may be sued in court only as they consent to be. Notwithstanding the general consent to be sued for internal revenue taxes erroneously or illegally assessed and collected, with jurisdiction conferred on the district courts to entertain such suits in any amount, 28 U.S.C.A. § 41(20), Congress could except cases in which the Board of Tax Appeals has been resorted to, and the above quoted legislation has that effect. Cook has no right to sue the United States in this case.

The judgment dismissing his petition is affirmed.