**STATEN ISLAND SHIPBUILDING CO. v. UNITED STATES.**

No. 42824.

Court of Claims.

Feb. 5, 1940.

James Gillin, of New York City (Henry W. Baird, of New York City, on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Samuel O. Clark, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

WHITAKER, Judge.

As stated in the findings of fact, the claim for refund, forming the basis of this suit, was on the ground that a portion of the 1918 and 1919 overpayments had been applied toward the satisfaction of the 1920 assessment after the statutory period for the collection of the 1920 tax had expired. This suit is predicated on the proposition that at the time a portion of the 1918 and 1919 overassessments was credited against the 1920 assessment there was no tax due from the plaintiff for the year 1920. It seems manifest that neither of the two propositions is well taken.

On July 10, 1921, plaintiff filed a claim for abatement of more than the amount of the unpaid assessment for 1920, which claim for abatement was not rejected until October 6, 1928. (This stopped the running of the statute. Section 611 of the Revenue Act of 1928, 45 Stat. 875.) The credit of the 1918 and 1919 overassessments against this 1920 assessment was made two days later and, therefore, within the statutory period.

At the time a portion of the 1918 and 1919 overassessments was credited against the 1920 tax liability, there was an outstanding assessment of taxes for that year in the amount of the credits. It cannot, therefore, be said that there was then no tax due from the plaintiff for the year 1920.

The plaintiff made its return for 1920 treating the amount received from the United States Shipping Board Emergency Fleet Corporation as 1920 income. Upon this basis the assessment of $63,877.62 for this year was made. The Commissioner's letter of July 24, 1922, treated this payment as 1918 and 1919 income, and it was upon this assumption that he stated that an audit of their returns indicated an overassessment for 1920. Later, in July 1928, he finally came to the conclusion that this was not 1918 and 1919 income but 1920 income, but that it should be taxed, not at 1920 rates, as the taxpayer had done in its return, but at 1918 rates. For this reason he asserted a deficiency against the taxpayer, from which action the taxpayer took an appeal to the Board of Tax Appeals.

After this case had been pending there some time the parties entered into a stipulation that there was no deficiency due the Government for this year and that there was no overpayment due the taxpayer. An order was entered by the Board accordingly. This was an agreement on the part of the Commissioner that this refund from the Shipping Board should not be taxed at 1918 rates, and an agreement on the part of the plaintiff that it was 1920 income, as it had treated it in its return, upon the basis of which the assessment was made. If it was 1920 income, then there was a tax due in fact from the plaintiff for the year 1920 at the time the credits were made, because the plaintiff had only paid $31,937.62 on an assessment of $63,877.62, which assessment was based upon the inclusion of this refund from the Shipping Board in 1920 income.

Furthermore, plaintiff took an appeal to the Board of Tax Appeals from the Commissioner's action proposing a deficiency in 1920 taxes. In the proceedings before the Board the taxpayer had the right to show that it had overpaid its taxes as it claims in this suit. This court, therefore, has no jurisdiction of this suit under the provisions of section 284 (d) of the Revenue Act of 1926, 44 Stat. 67, which provides: "If the Commissioner has mailed to the taxpayer a notice of deficiency under subdivision (a) of section 274 and if the taxpayer after the enactment of this Act files a petition with the Board of Tax Appeals within the time prescribed in such subdivision, no * * * suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court * *."

It results that plaintiff's petition must be dismissed. It is so ordered.