PIEDMONT MEMORIAL HOSPITAL, INC., v. GUILFORD COUNTY;
GEORGE L. STANSBURY, CHAIRMAN, J. W. BURKE, R. C. CAUSEY,
JOE F. HOFFMAN, FLAKE SHAW, ALL CONSTITUTING THE BOARD OF
COMMISSIONERS OF GUILFORD COUNTY, NORTH CAROLINA;
A. C. HUDSON, SUPERVISOR OF TAXATION FOR GUILFORD COUNTY; D. L.
DONNELL, TAX COLLECTOR FOR GUILFORD COUNTY, NORTH CARO-
LINA; AND W. C. JOHNSON, TREASURER FOR GUILFORD COUNTY,
NORTH CAROLINA.

(Filed 20 May, 1942.)

**1. Constitutional Law § 4a—.**

The General Assembly has power to enact retroactive laws provided they
do not impair the obligation of contracts or disturb vested rights, and this
principal is applicable to matters of taxation.

**2. Same: Constitutional Law § 3½—**

While the General Assembly may enact curative statutes affecting pend-
ing litigation, it cannot, by stipulating that a statute be retroactive, annul
or interfere with a final judgment of the courts.

**3. Same: Taxation § 20—Final judgment that hospital was liable for taxes
for particular year cannot be annulled by legislative act.**

Plaintiff hospital instituted suit to recover *ad valorem* taxes for the
year 1940, paid by it under protest. On appeal it was held that the
hospital was liable for taxes for that year, and final judgment was entered
in accordance therewith. Thereafter the hospital, upon the same agreed
facts, instituted this suit to recover the same taxes, upon its contention
that ch. 125, Public Laws 1941, exempted its property from taxation retro-
actively. Ch. 125, Public Laws 1941, amending sec. 600, ch. 310, Public
Laws 1939, provided that real property used for hospital purposes by a
nonprofit hospital whose entire revenue is devoted to hospital purposes
should be exempt from taxation from the year 1936. *Held:* The Act of
1941, in so far as the status of plaintiff hospital for taxes for the year
1940 is concerned, is an attempt to annul the effect of a final judgment,
and is unconstitutional and void.

**4. Statutes § 7—**

Statutes will be given prospective effect only unless a contrary intention
is expressly declared or necessarily implied, and therefore when an act
amends separate sections of a former statute and stipulates that one of the
amendments should be retroactive, the other amendment will be construed
to have prospective effect only.

**5. Taxation § 20—**

The amendment of sec. 602 (a), ch. 310, Public Laws 1939, which pro-
vides that the property of private hospitals shall not be exempt from
taxation, by ch. 125, Public Laws 1941, which provides that sec. 602 (a)
of the Act of 1939 should not apply to nonprofit hospitals, is prospective in
effect and not retroactive.

**6. Judgments § 32—**

A final judgment is conclusive upon the parties whenever the same matters are at issue between them in a subsequent action, and the rights of the parties as established in the prior action cannot be annulled by a legislative declaration to the contrary.

**7. Taxation § 38c—**

Ch. 125, Public Laws 1941, exempting real property of nonprofit hospitals from taxation, contains no provision authorizing refunding of taxes theretofore paid by such hospitals nor machinery for the recovery of such taxes, and therefore a hospital which paid real property taxes for 1940 under protest and unsuccessfully sued for their recovery under sec. 936, ch. 158, Public Laws 1939, is not empowered by the Act of 1941 to maintain another suit for the recovery of the same taxes.

**8. Constitutional Law § 6c—**

Public policy is for the determination of the Legislature and the courts must give effect to the law as it is written.

**9. Taxation § 20—**

All property is subject to taxation unless exemption is authorized by the Constitution and laws of the State.

**10. Taxation § 1—**

Taxes must be imposed in a just and equitable manner and be uniform as to each class of property taxed.

APPEAL by plaintiff from *Warlick, J.,* at March Term, 1942, of GUILFORD. Affirmed.

This was a controversy without action to determine the liability of plaintiff's property for taxation for the year 1940. From judgment in favor of defendants on the facts agreed, the plaintiff appealed.

*D. E. Hudgins for plaintiff, appellant.*

*B. L. Fentress, G. H. Jones, D. Newton Farnell, Jr., and H. C. Wilson for defendants, appellees.*

DEVIN, J. A controversy without action between the same parties involving the liability for *ad valorem* taxation of plaintiff's real and personal property for the year 1940 was considered and determined by this Court in favor of the defendants at Fall Term, 1940. That case is reported in 218 N. C., 673, 12 S. E. (2d), 265, where the material facts are set out. It there appeared that in October, 1940, the plaintiff paid, under protest, the taxes claimed by defendants, and brought suit to recover the amount so paid, in accordance with the provisions of sec. 936, ch. 158, Public Laws 1939. It was decided by this Court in an opinion filed 20 December, 1940, that the plaintiff's claim for exemption from taxation under the Constitution and laws of the State could not be sus-

tained, and the right to recover the taxes which had been paid, except in particulars not now pertinent, was denied. That decision was a final determination of the questions presented on that appeal.

In the instant case, begun 18 March, 1942, another controversy without action is submitted upon the identical facts presented in the former case. Claim is again made for the refund, in part, of the *ad valorem* taxes for the year 1940 which had been paid by plaintiff in October, 1940. Defendants plead that plaintiff's claim for refund of taxes for 1940 has become *res judicata*. *Crawford v. Crawford,* 214 N. C., 614, 200 S. E., 421.

But the plaintiff bases its claim in this case upon ch. 125, Public Laws 1941, and contends that the provisions contained in former statutes for the exemption of property held for charitable purposes have been enlarged so as to embrace the property of the plaintiff, and that by its terms the 1941 Act is made retroactive, including exemption from the payment of taxes for the year 1940. *Edwards v. Comrs.,* 183 N. C., 58, 110 S. E., 600. The Act of 1941 amends sec. 600, ch. 310, Public Laws 1939, by adding a new subsection, as follows: "(11) Real property actually used for hospital purposes, including homes for nurses employed by or in training in such hospitals, held for or owned by hospitals organized and operated as non-stock, non-profit charitable institutions, without profit to the members or their successors, notwithstanding that patients able to pay are charged for services rendered: Provided, all revenues or receipts of such hospitals shall be used, invested, or held for the purposes for which they are organized; and provided, further, that where hospital property is used partly for such hospital purposes and partly rented out for commercial and business purposes, then only such proportion of the value of such building and the land on which it is located shall be exempt from taxation as is actually used for such hospital purposes. The provisions of this section shall be effective as to taxes for the year one thousand nine hundred and thirty-six and subsequent years."

The amendment of 1941 also adds to sec. 602 (a) of the 1939 Act the following clause: "The provisions of this sub-section shall not apply to public hospitals or to hospitals organized and operated as non-stock, non-profit, charitable institutions, which, for the purpose of this Act, shall be deemed public hospitals: Provided, however, that nothing in this sub-section shall affect the liability of counties, cities, and towns to public hospitals, as herein defined, for services heretofore or hereafter rendered indigent patients or public charges and for which such counties, cities, or towns are or may be otherwise liable."

Plaintiff's counsel argues with much force that by these amendments the General Assembly has exercised the permissive power conferred by

Art. V, sec. 5, of the Constitution to exempt from taxation property held for charitable purposes, and has included within the enumerated exemptions property owned by hospitals organized and operated as non-stock, nonprofit charitable institutions, such as that of the plaintiff, and that the General Assembly has also amended sec. 602 (a) of the 1939 Act, which provided that private hospitals should not be exempt from taxation, by adding the clause that this provision should not apply to hospitals operated as non-stock, nonprofit charitable institutions, which the amendment declares to be public hospitals.

It is urged that under the facts agreed a portion at least of plaintiff's property comes within the designation of property "held for charitable purposes," and therefore it would have been within the power of the Legislature in 1939 to exempt it from taxation, and that, if the language of the 1939 Act was insufficient to accomplish that purpose, there is no constitutional inhibition upon legislative power subsequently to exempt it by an act retroactive in its effect. *Edwards v. Comrs., supra; Anderson v. Wilkins,* 142 N. C., 154, 55 S. E., 272.

It is a generally accepted principle of statutory construction that there is no constitutional limitation upon legislative power to enact retroactive laws which do not impair the obligation of contracts or disturb vested rights (*Bateman v. Sterrett,* 201 N. C., 59, 159 S. E., 14; *Stanback v. Bank,* 197 N. C., 292, 148 S. E., 313; *Lowe v. Harris,* 112 N. C., 472, 17 S. E., 539; *McFadden v. Evans-Snider-Buel Co.,* 185 U. S., 505; *Paramino Lumber Co. v. Marshall,* 309 U. S., 370), and this principle is applicable in matters of taxation (*Clark v. Gilchrist,* 243 N. Y., 173; *United Business Corp. v. Commissioner of Internal Revenue,* 290 U. S., 635; *Cooper v. U. S.,* 280 U. S., 409), but this may not be held to empower the Legislature to annul or interfere with judgments theretofore rendered (*Comrs. v. Blue,* 190 N. C., 638, 130 S. E., 743; *Morrison v. McDonald,* 113 N. C., 327, 18 S. E., 704), or compel the refunding of taxes judicially determined to have been lawfully collected (*Bailey v. Raleigh,* 130 N. C., 209, 41 S. E., 281), or change the result of prior litigation (*Edwards v. Comrs., supra* [60]), or give life to a deed declared void. *Booth v. Hairston,* 195 N. C., 8, 141 S. E., 480.

In *Clark v. Gilchrist,* 243 N. Y., 173, the New York Court of Appeals considered an appeal from the Supreme Court of that state, wherein the lower court had held stock dividends taxable as income. Pending the appeal the Legislature amended the statute so as to exclude stock dividends from the definition of income and made the act retroactive. In that case the court of appeals reversed the lower court on the strength of this amendment, holding that the retroactive feature of the act was no infraction of any constitutional limitation upon the power of the Legislature. To the same effect is the holding in *Wharton v. Greensboro,* 149

N. C., 62, 62 S. E., 740, where the power of the city to issue school bonds was denied for lack of legislative authority. While the case was still pending in the Superior Court after the first appeal the Legislature granted the authority to validate the bonds, and due effect was given to the act by this Court upon a second appeal. There are many cases in the books illustrating the power of the Legislature to enact curative statutes affecting pending litigation. Statutes relating to procedure or the rules of evidence, affecting pending litigation, are generally upheld.

While there is some conflict of judicial opinion as to the effect of an amendatory act applicable to a controversy in which final judgment has been entered, it is generally held that enabling statutes which attempt to cure defects in legislation relating to municipal corporations, enacted subsequent to judgments holding the defects fatal, are within the legislative power, usually in cases, however, where the court has not lost control over the previous judgment, and the cause is for some purpose still pending. *Hodges v. Snyder,* 45 S. D., 149, 25 A. L. R., 1128, affirmed on appeal in 261 U. S., 600.

But in the instant case we have a somewhat different situation. After a final judgment of the Court of last resort that the tax was properly levied, and that plaintiff's hospital property was subject to the tax, and recovery of the amount paid was denied, the Legislature amended the general statute by a provision attempting to extend the exemption to hospitals of the type of plaintiff's property for the tax year 1940. Thereafter a new suit was instituted to recover a portion of the same taxes, the subject of the previous litigation, on the same facts. This new suit was faced with a final judgment between the same parties, on the same facts, with respect to the same subject matter. Could the Act of 1941 give new life to a cause of action which had ceased to exist as the result of a final adverse judgment?

The decisions in this State tend to support the ruling of the court below that plaintiff was not entitled to recover. In *Morrison v. McDonald,* 113 N. C., 327, 18 S. E., 704, a similar question was considered by the Court. In that case judgment had been rendered for the plaintiff on the verdict of a jury in December, 1892. Under the existing statute, as interpreted by the courts, this judgment, being based on a verdict, could not be set aside for excusable neglect (The Code, sec. 274). The Legislature of 1893 amended the section by enlarging the power of the court to set aside judgments based on verdicts. The defendant in that case thereupon moved to set aside the judgment for excusable neglect. It was held, *Chief Justice Shepherd* speaking for the Court, that the Act of 1893 could not be given the effect of annulling a judgment of the Court, and that plaintiff's rights under the judgment could not be disturbed by subsequent legislation. In the opinion in that case the following-

ing language was quoted from *Ratcliffe v. Anderson,* 31 Grat. (72 Va.), 105 : "Both upon principle and authority, we conclude that the Legislature has no right, directly or indirectly, to annul, in whole or in part, a judgment or decree of a court already rendered, or to authorize the courts to reopen and rehear judgments and decrees, already final, by which the rights of the parties are finally adjudicated, fixed and vested; and that every such attempt of legislative action is plainly an invasion of judicial power, and therefore unconstitutional and void."

In Black on Judgments, sec. 298, it is said : "While a statute may, indeed, declare what judgments shall in future be subject to be vacated, or when or how, or for what causes, it cannot apply retrospectively to judgments already rendered and which had become final and unalterable by the court before its passage. Such an act would be unconstitutional and void on two grounds; first, because it would unlawfully impair the fixed and vested rights of the successful litigant, and second, because it would be an unwarranted invasion of the province of the judicial department." Freeman on Judgments, sec. 204; Wade on Retroactive Laws, secs. 31, 32, 67; Cooley Cons. Lim., 8th Ed., 176. See cases cited in note to *Paramino Lumber Co. v. Marshall,* 309 U. S., 370, 84 L. Ed., p. 819. Amendatory legislation which affects past transactions upon which judicial decrees have been rendered is invalid. C. J. S., 298-301.

In *Bailey v. Raleigh,* 130 N. C., 209, 41 S. E., 281, the power of the Legislature to authorize the refund of taxes lawfully levied and paid was considered in relation to the following facts : The plaintiff's intestate, in accord with the statute then in force, paid to the city of Raleigh the license imposed on those carrying on the business of retail liquor dealers within one mile of the corporate limits of the city. The plaintiff's intestate operated outside and within one mile of the city limits. Subsequently, the Legislature passed a general Act (ch. 327, Public Laws 1901) requiring cities to refund privilege taxes collected from persons doing business outside their corporate limits. In a suit for the refund of those taxes, recovery was denied on the ground that it was not within the legislative power to require refund of taxes which had been lawfully levied and paid under existing law.

An examination of the Act of 1941 in relation to the previous litigation between the parties raises the implication that the retroactive provision therein, as it affects this case, should not fall within the rule as to curative statutes, but rather should be regarded as an attempt to annul the effect of a judgment previously rendered.

The Act of 1941 amends sec. 600 of the 1939 Act by the addition of a new subsection numbered eleven. This refers to real property held for hospital purposes and extends the statutory exemption to real property owned by hospitals organized and operated as non-stock, nonprofit chari-

table institutions. This subsection eleven was made retroactive. But the Act of 1941 does not purport to repeal the declaration in sec. 602 (a) that "Private hospitals shall not be exempt from property taxes." The amendment to this section recites that this provision shall not apply to hospitals operated as non-stock, nonprofit charitable institutions, which are declared to be public hospitals. This last amendment was not made retroactive. It is an established rule that statutes are to be construed as having only prospective effect, unless a contrary intention is expressly declared or necessarily implied. *Ashley v. Brown,* 198 N. C., 369, 151 S. E., 725; *Waddill v. Masten,* 172 N. C., 582, 90 S. E., 694; *Anderson v. Wilkins,* 142 N. C., 154, 55 S. E., 272.

The decision in the former case between the hospital and the county was grounded largely upon sec. 602 (a), which expressly eliminates private hospitals from statutory exemption. The conclusion was reached upon the facts then presented, identical with those now before us, that plaintiff's hospital was in contemplation of the taxing laws a private hospital. Thus the tax status of plaintiff's property under the facts agreed already had been judicially determined by this Court. The fact so established was conclusive between the parties as to 1940 taxes. *Current v. Webb,* 220 N. C., 425; *Harshaw v. Harshaw,* 220 N. C., 145. A legislative declaration to the contrary upon the same facts would, if given effect, annul a previous decision of the Court and constitute an invasion of the province of the judicial department. *Preveslin v. Developing Co.,* 112 Conn., 129, 70 A. L. R., 1426; 11 Am. Jur., 916.

Upon another ground we think the judgment below must be upheld. While under the Act of 1941 plaintiff seeks to obtain repayment of taxes paid in 1940, there is no provision in the new statute authorizing refunding of those taxes. Neither the right nor the machinery to implement it is granted. The new act does not authorize reopening the former case. The taxes sued for were paid in October, 1940. Suit to recover them was instituted under the only statute permitting such suit, and was decided against the plaintiff. Plaintiff's remedy for the refund of the same taxes has been exhausted. No other statute is available. The amounts paid have been covered into the treasury of Guilford County under a final judgment before the amendment of 1941 was enacted. The case for plaintiff's 1940 taxes has been closed. The question as to the effect of the statute upon plaintiff's tax liability for subsequent years is neither presented nor decided.

We are not unmindful of the value of modern hospitals to the community. Their equipment affords a means of rendering practical service to those who suffer, whether the service be rendered for compensation, or without reward. Those who have incorporated and are operating the Piedmont Memorial Hospital have made its facilities available to the

people of Guilford County. But regardless of these considerations it is the function of the courts to administer justice according to law. The unbroken rule is that all property, unless exemption is authorized by the Constitution and laws of the State, must bear its fair share of the burdens of taxation. That this burden shall be imposed in a just and equitable manner, and that taxes shall be uniform as to each class of property taxed, is a requirement of the Constitution, as well as the concern of all taxpayers.

The judgment of the Superior Court denying plaintiff's right to recover under the facts agreed must be

Affirmed.