**MERRILL et al. v. UNITED STATES.**
**Civil Action No. 1516.**

District Court, W. D. New York.

April 17, 1944.

Babcock, Hollister, Newbury & Russ (now Babcock, Newbury & Russ), of Buffalo, N. Y., (Raymond W. Conklin, of Buffalo, of counsel), for plaintiffs.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Leland T. Atherton, Sp. Assts. to Atty. Gen., and Eugene J. Donnelly, Asst. U. S. Atty., of Buffalo, N. Y., for the Government.

KNIGHT, District Judge.

The defendant moves under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss this action for lack of jurisdiction.

The plaintiffs are Trustees of an express trust. In 1936 they withdrew from the trust "principal" commissions in the amount of $23,239.92. In the return for that year no deduction was taken for this amount so paid. In 1936 they withdrew as commissions $3,548.79 for the receipt and disbursement of income and took a deduction of that amount as paid as "income" commissions. Upon audit the Commissioner of Internal Revenue determined a deficiency of $167.14 for income tax for the year 1936. In September, 1939, plaintiffs filed a claim for the refund of $4,382.24, based on the claim that they were entitled to deduction in the trust's income tax return for 1936 for $23,239.92 paid as "principal" commissions. On December 12, 1939, the plaintiffs filed a petition with the U. S. Board of Tax Appeals (now Tax Court)

for a re-determination of the trust income tax liability for the year 1936, asserting its right to a deduction of a tax upon the amount paid as "principal" commissions. In June, 1941, the Commissioner filed an answer claiming an increased deficiency because of an erroneous deduction of "income" commissions in the said amount of $3,548.79. The resulting proceedings were tried before the Board of Tax Appeals on June 29, 1941, and on December 26, 1941, the Board filed its opinion in which it held that neither the "principal" nor "income" commissions were proper deductions because the administration of the trust fund was not carrying on a "trade or business" within the meaning of Section 23(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 827. The Board's decision resulted in a deficiency assessment of $1,392.60, and this deficiency was paid by the plaintiffs. The Board's order fixing the amount of the deficiency became final May 6, 1942. No appeal was taken. This suit is brought to recover the alleged overpayment of income tax as of 1936 in the amount of $5,370.82, plus interest. The foregoing is a statement of undisputed facts.

The plaintiffs base their right to maintain this suit by reason of the amendment of Section 23(a) of the Internal Revenue Code by Section 121 of the Revenue Act of 1942, approved October 21, 1942, 26 U.S.C.A. Int.Rev.Code, § 23(a). They concede that as the law stood in 1936, the decision of the Board of Tax Appeals was correct. Higgins v. Com'r, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783; City Bank Farmers Trust Co. v. Helvering, 313 U.S. 121, 61 S.Ct. 896, 85 L.Ed. 1227. The plaintiffs claim that the amendment of 1942 gave rise to a new cause of action, or a cause of action on a new transaction, and that the doctrine of res judicata is to be applied.

It is clear that a judgment in a prior action between the same parties prevents recovery in a second action where the claim, demand or cause of action is the same in each as to matters litigated as well as to all which might have been litigated. The final decision of the Board of Tax Appeals is in legal effect a judgment. Herein we have the same parties and the same tax involved as in a prior determination.

It is the contention of the defendant that irrespective of the question of whether

the adoption of the amendment gives rise to a new cause of action, the plaintiffs are barred from any recovery by reason of Section 322(c) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 926. Plaintiffs make no claim that Section 322(c) has been repealed, but assert its inapplicability to the instant suit.

By virtue of the Revenue Act of 1942, Section 121(a), amending Section 23(a) (2), supra, expenses incurred "for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income," are included as "non-trade or non-business expenses," and under this amendment expenses such as those herein would be thereafter exempt from taxation.

Section 121(e) of the last-mentioned act 26 U.S.C.A. Int.Rev.Acts, also provides: "For the purposes of the Revenue Act of 1938 or any prior revenue Act the amendments made to the Internal Revenue Code by this section shall be effective as if they were a part of such revenue Act on the date of its enactment."

By virtue of the last-mentioned provision the plaintiffs seek recovery here.

Sections 322(c), 1140 and 1141 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 322(c), 1140, 1141, with certain exceptions not applicable here, provide that where a petition for the review of a decision of the Commissioner to the Board of Tax Appeals is made a decision made by the Board of Tax Appeals becomes final, unless an appeal is taken within three months after the decision was rendered. As heretofore stated, no appeal from the decision of the Board was taken, and the time in which to appeal, as fixed by the statute, expired prior to the adoption of the amendment of 1942.

Section 322(c) also provides that after the filing of such petition no suit shall be brought in any court by the taxpayer to recover any part of the tax upon which the petition to the Board is based.

■ There are many decisions of the courts as to the effect and finality of Section 322(c) on the question of the right to sue after a petition has been filed. Among these may be cited: Old Colony Trust Co. v. Com'r, 279 U.S. 716, 719, 49 S.Ct. 499, 73 L.Ed. 918; Bankers' Reserve Life Co. v. United States, 44 F.2d 1000, 71 Ct. Cl. 279, certiorari denied 283 U.S. 836, 51 S.Ct. 485, 75 L.Ed. 1448; Green v. MacLaughlin, D.C., 55 F.2d 423; Warren Mfg. Co. v. Tait, D.C., 60 F.2d 982; Cook v. United States, 5 Cir., 108 F.2d 804; Monjar v. Com'r, 2 Cir., 140 F.2d 263; Heberlein Patent Corp. v. United States, S.D. N.Y.,[1] decided March 9, 1939. The consensus of these decisions, as stated in Heberlein Patent Corp. v. United States, supra, is that "under the express language of the statute, having filed a petition with the Board of Tax Appeals, petitioner is barred from instituting suit in any court for the recovery of any part of the tax * * *."

It will be seen that certain of these cases construe Section 284(d) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 220, but this section is the genesis of Section 322(c), supra. Of course, if this suit is not barred by Section 322(c), these cases have application only with reference to the proceeding taken subsequent to the 1942 amendment.

While certain of the cases cited by the plaintiffs refer to the determination of the Board as being res judicata as to claims presented for determination, the term so used was either not necessary to the decision or was not inconsistent with the finding that the claim was barred. Insofar as they considered Section 322(c) or Section 284(d), supra, they are in harmony in holding that a final decision by the Board unappealed bars recovery by suit. This situation is well illustrated in American Woolen Co. v. United States, 21 F. Supp. 125 and 1021 (motions for re-argument of 18 F.Supp. 783, 85 Ct.Cl. 101). This suit was based on the claim that the Commissioner had improperly "reversed" a credit when computing a tax. The court did say that the decision of the Board was res judicata, but the language was used with reference to a claim which it was urged had been improperly "reversed." Even so applied it was obiter dictum. The decision made was that the suit could not be brought because of the provisions of Section 322(c), supra.

As stated in the plaintiffs' brief, Cook v. United States, supra, and Staten Island Shipbuilding Co. v. United States, 31 F.Supp. 166, 90 Ct.Cl. 430, both held that Section 322(c) as contained in the prior

---

[1] No opinion for publication.

Revenue Act made the Board's decision conclusive and binding in effect as a judgment. No retroactive act was involved. Attention may well be called to this language in the opinion (Cook v. United States, 108 F.2d at page 806):

"The provisions of law concerning the Board show that it is, when appealed to by a taxpayer, to have full and unimpeded authority to redetermine the taxes for the tax year, and its decision is to be final, subject to the review allowed before the Circuit Court of Appeals. The taxpayer who elects to invoke the jurisdiction of the Board accepts this consequence. The United States may be sued in court only as they consent to be."

Pelham Hall Co. v. Carney, D.C., 27 F. Supp. 388, involved the question as to whether the question then before it was the same as that theretofore determined by the Board of Tax Appeals. The opinion discusses at some length the doctrine of res judicata, but Section 322(c) was not relied on to support defendant's motion to dismiss. Tait v. Western Maryland Ry. Co., 289 U. S. 620, 53 S.Ct. 706, 77 L.Ed. 1405, is authority for the rule that a judgment on the merits is an absolute bar to a subsequent action between the same parties upon the same claim or demand and whether the point to be determined is the same as that theretofore litigated. Nothing is said as respects Section 322(c) being a bar or what the effect is of any amendment such as we are concerned with here. Blair v. Com'r, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, and West Coast Life Ins. Co. v. Merced Irr. Dist., 9 Cir., 114 F.2d 654, cited by the plaintiffs, involved situations somewhat analogous. In the former, after the decision in one proceeding, an opinion of the state court which held contrary to the former decision was rendered. There, however, the former proceeding was pending before the Board of Tax Appeals when the opinion of the state court was rendered. In West Coast Life Ins. Co. v. Merced Irr. Dist., after the decision of the Federal court, a new statute was enacted and declared constitutional by the United States Supreme Court, and it was held that a new suit was maintainable after the state court held and declared the assignment in question valid. Both cases held that a new situation "had been created" and refer to the application of res judicata, but neither decision is applicable here.

Steele County v. Erskine, 8 Cir., 98 F. 215, cited by plaintiffs, was not a tax case, and question of statutory bar like that claimed to be provided by Section 322(c), supra, was not involved. In Robinson v. Com'r, 2 T.C. 305, the original proceedings were pending before the Tax Court, and the case was remanded to determine the applicability of Section 23, supra, as amended. There are other cases cited by the plaintiffs which it seems unnecessary to discuss.

The plaintiffs seek to limit the effect of Section 322(c) to actions in which res judicata may be pleaded as a defense. It does not seem that the cases above cited support this view. None of them support plaintiffs' contention that Section 322(c) operates as a bar only when the same cause of action is presented, after having been theretofore considered. In construing the retroactive features of the Act of 1942, we approach it with a strong presumption against the intent to give retrospective operation, and this presumption is only overcome by plain terms of the statute. 12 C.J. § 784, p. 1091 and cases cited. The intent to remove the bar must be clearly shown.

The purpose of Congress in leaving Section 322(c) unamended in the Act is indicated by its action as respects other amendments to the same Act and by its reports as respect these amendments.

Title V, Section 501 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, titled "Additional credits for undistributed profits tax," is much broader in language than Section 121(a) (2), supra. It is made applicable irrespective of any other provision of law (other than compromises). But Section 121(e) is in form the same as Section 116(c) relative to prior debts and Section 137(b) relative to Voluntary Employees Benefit Association, 26 U.S.C.A. Int.Rev.Acts.

Section 501, supra, clearly shows the intent to wholly remove the statutory bar to refunds in special situations, and this same intent is shown in various other amendments in the Revenue Act of 1942 having retroactive application. Unlike the other sections, 116(c), 121(e), and 137 (b) are not so broadly phrased. Had Congress sought to remove the statutory bar of Section 322(c) of the Act of 1936, it is believed it would have expressed the intention in language comparable to that in Section 501, supra, and various other retro-

678

active amendments. It is to be borne in mind that Section 121(e) provides that subdivisions (a), (b) and (c) of Section 121 are the only ones to which it is made applicable and nowhere refer to Section 322(c), which is nowhere amended in the Revenue Act of 1942. Again it is to be noted that Section 169 titled: "statute of limitations on refunds and credits" amends Section 322(b) (2) and Section 322(d), but it does not amend Section 322(c).

As bearing upon intent in the enactment of the retroactive provision of Section 121, attention may well be called to the report of the Committees in Congress in which, in stating the purpose of the provisions of paragraph (c) of Section 501, Title V, supra, it is said, in part: "Such refund or credit is to be made notwithstanding the fact that some other provision of the law (other than compromises) e. g., statute of limitations, closing agreement, Board decision, or rule of res judicata, etc., would, on the date of enactment of the bill, or within 1 year from such date, prevent such refund or credit.", and further, attention may well be called to the report of the Committee on Finance, 69th Congress, first session, concerning the Revenue Act of 1926 in which we find this language: "But if he does elect to file a petition with the Board his entire tax liability for the year in question (excepting in case of fraud) is finally and completely settled by the decision of the Board when it has become final * * *." The defendant makes no defense that Section 121 (e) is unconstitutional because it is beyond the power of Congress to enact legislation purporting to set aside a judgment or decree. It holds to the view that no attempt is made to repeal Section 322 (c) and that the decision of the Board stands by virtue of that section, and that the effect of a decision in plaintiffs' favor would be to nullify the judgment.

There are many cases on the question of constitutional limitation on the authority to enact retroactive laws, and many of these cases were concerned with laws affecting taxation. What was said in Piedmont Memorial Hospital v. Guilford County, 221 N.C. 308, 20 S.E.2d 332, 336, is pertinent here. The N. C. Supreme Court had held that certain taxes on private hospital property were properly levied. Thereafter the statute was enacted which purported to extend exemptions to hospitals of the sort there involved from the tax

held properly levied. The court, holding the amendment invalid, said:

"Plaintiff's remedy for the refund of the same (taxes) has been exhausted. * * * The case of plaintiff's 1940 taxes has been closed. * * * Legislature may not * * * interfere with judgments theretofore rendered, or compel refunding of taxes judicially determined to have been lawfully collected, or change the result of prior litigation, or give life to a deed declared void." and "It is a generally accepted principle of statutory construction that there is no constitutional limitation upon legislative power to enact retroactive laws which do not impair the obligation of contracts or disturb vested rights * * * and this principle is applicable in matters of taxation * * * but this may not be held to empower the Legislature to annul or interfere with judgments theretofore rendered * * * or compel the refunding of taxes judicially determined to have been lawfully collected * * * or change the result of prior litigation." (citing numerous authorities)

It is not necessary to pass on the constitutionality of the Section 121(e), for it is believed that Section 322(c) is a bar to this suit.

The motion to dismiss the action must be granted.

Findings may be submitted to accord herewith.